PEOPLE v CHERRY

## *ORDER*

Entered December 24, 1974.—REPORTER.

On order of the Court, defendant's conviction is peremptorily reversed and a new trial ordered on the ground that defendant sought to have the court exercise its discretion to exclude prior conviction evidence, and it is apparent that the court failed to recognize that it had such discretion and failed to exercise it. See *People v Jackson,* 391 Mich 323 (1974). In order to comply with *Jackson* the trial court must positively indicate and identify its exercise of discretion.

M. S. COLEMAN and J. W. FITZGERALD, JJ., dissent:

Defendant was convicted of breaking and entering with intent to commit larceny and rape. When the prosecutor sought to cross-examine defendant about a prior rape conviction, defense counsel objected and an argument commenced. The trial judge cut off the argument, however, saying, "You cite the cases and that's enough." Defense counsel did cite various cases regarding the admissibility of evidence of other offenses not prior convictions. Later the court overruled the objection.

This Court finds that the judge failed to exercise his discretion in allowing the testimony. True, the trial judge did not specifically say that he was exercising his discretion. We doubt that many judges would say in effect, "I have exercised my

discretion and so overrule the objection." They more likely would simply consider the matter and proceed to rule.

None of us can read the judge's mind, but we interpret his words and actions to mean that he had been asked to exercise his discretion and had done so.

Although the trial was three years before *Jackson,* in another day another judge might find *Jackson* among the cases cited in a similar situation.

We would affirm.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Patricia J. Boyle,* Principal Attorney, Research, Training & Appeals, and *Thomas Khalil,* Assistant Prosecuting Attorney, for the people. *State Appellate Defender Office* (by *Roger L. Wotila),* for defendant. (Docket No. 55206.) Case below, Court of Appeals No. 15245, per curiam opinion of August 1, 1973.