PEOPLE v WHIGHAM

Docket No. 49465. Submitted September 3, 1980, at Detroit.—Decided November 21, 1980.

Reginald Whigham was convicted of armed robbery, assault with intent to rob while being armed, and possession of a firearm during the commission of a felony, Detroit Recorder's Court, Joseph A. Gillis, J. He appeals, alleging that the trial court abused its discretion in admitting evidence of his prior convictions. *Held:*

The trial court, in considering the nature of defendant's prior offenses, their similarity to the offenses for which defendant was being tried, and the effect on the decisional process of defendant's decision not to testify out of fear of impeachment, should have suppressed the evidence of his prior convictions. Failure to do so constituted error, but the error was harmless in light of the overwhelming evidence offered against defendant and the fact that the trial court's refusal to suppress evidence of defendant's prior convictions did not interfere with his defense.

Affirmed.

1. CRIMINAL LAW — IMPEACHMENT OF DEFENDANTS — EVIDENCE OF PRIOR CONVICTIONS — JUDICIAL DISCRETION — RULES OF EVIDENCE.

A decision to allow impeachment of a defendant by evidence of his prior conviction is within the discretion of a trial court (MRE 609).

2. CRIMINAL LAW — IMPEACHMENT OF DEFENDANTS — EVIDENCE OF PRIOR CONVICTIONS — JUDICIAL DISCRETION — RULES OF EVIDENCE.

A trial court must determine whether the probative value of evidence of a defendant's prior conviction on the issue of credibility outweighs its prejudicial effect prior to exercising its discretion to admit such evidence (MRE 609[a][2]).

REFERENCES FOR POINTS IN HEADNOTES
[1-4] 29 Am Jur 2d, Evidence § 320 *et seq.*
[5] 29 Am Jur 2d, Evidence § 321.

3. CRIMINAL LAW — JUDICIAL DISCRETION — IMPEACHMENT OF DEFENDANTS — RULES OF EVIDENCE.

A trial court should recognize that it has the discretionary power to admit or exclude a reference to a defendant's prior conviction and positively indicate and identify on the record its exercise of discretion (MRE 609[a][2]).

4. CRIMINAL LAW — IMPEACHMENT OF DEFENDANTS — EVIDENCE OF PRIOR CONVICTIONS — ADMISSIBILITY — JUDICIAL DETERMINATION.

The factors which a trial court should consider in determining whether evidence of a defendant's prior conviction should be admitted to impeach his credibility include the nature of the prior offense, whether the prior offense involved substantially the same conduct with which the defendant is currently charged, and the effect on the decisional process of a choice by the defendant not to testify out of fear of impeachment.

5. CRIMINAL LAW — EVIDENCE OF PRIOR CONVICTIONS — SIMILARITY OF PRIOR OFFENSES — ADMISSIBILITY.

Evidence of a defendant's prior convictions for the same crime as that with which he is currently charged, although not barred from admission into evidence per se, should be admitted with extreme caution.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Principal Attorney, Appeals, and *A. George Best, II,* Assistant Prosecuting Attorney, for the people.

*Charles Burke,* for defendant on appeal.

Before: BASHARA, P.J., and N. J. KAUFMAN and R. M. MAHER, JJ.

PER CURIAM. On November 23, 1979, defendant was convicted of armed robbery, MCL 750.529; MSA 28.797, assault with intent to rob being armed, MCL 750.89; MSA 28.284, and violation of the felony-firearm statute, MCL 750.227b; MSA 28.424(2) by a Detroit Recorder's Court jury. Defendant was sentenced to serve 20-60 years on the

count of armed robbery, 20-60 years on the count of assault with intent to rob being armed, and the mandatory two years on the felony-firearm count. Defendant appeals as of right, pursuant to GCR 806.1.

Of the two issues raised by defendant on appeal, we deem only one meritorious. Defendant contends that the trial judge abused his discretion in determining that the probative value of evidence of defendant's two prior convictions for assault with intent to commit armed robbery outweighed its prejudicial effect where, as here, the offenses were identical to a charge in the instant case.

Before the beginning of trial, defendant moved to suppress evidence of his prior criminal record so that he could testify in his own behalf without reference being made thereto. The trial court ruled against defendant's motion to suppress, but agreed to give a limiting instruction advising the jury that defendant's prior record could only be considered for the purpose of impeaching defendant's credibility.

Defendant contends that, since his two prior convictions were identical to one of the charges in the instant case, the trial court should have granted defendant's motion to suppress. On appeal, it is defendant's assertion that the denial of this motion inhibited him from taking the stand and presenting his testimony, which would have been the only evidence in his own defense.

The decision to allow impeachment of a defendant by introduction of evidence of his prior convictions is within the discretion of the court. MRE 609.[1] The court's discretion is, however, not unbri-

[1] MRE 609, provides in pertinent part:

"(a) General rule. For the purpose of attacking the credibility of a witness, evidence that he has been convicted of a crime shall be admitted if elicited from him or established by public record during cross-examination but only if

dled, since it must determine whether the proba-
tive value of the evidence on the issue of credibil-
ity outweighs its prejudicial effect. MRE 609(a)(2).
Defendant's two prior convictions were for assault
with intent to commit armed robbery and are
specifically covered by MRE 609(a)(1) as crimes
"punishable by death or imprisonment in excess of
one year," or as crimes involving "theft". Immedi-
ately before trial, defendant moved to suppress the
evidence of his prior convictions, and the motion
was argued on the record. The trial court con-
cluded that the evidence should be admitted, spe-
cifically recognizing that it had discretion to do so.[2]
Defense counsel renewed his motion at the close of
the people's proofs.

In *People v Jackson,* 391 Mich 323; 217 NW2d
22 (1974), the Supreme Court set forth the rule

"(1) the crime was punishable by death or imprisonment in excess
of one year under the law under which he was convicted, or the crime
involved theft, dishonesty or false statement, regardless of the punish-
ment, and

"(2) the court determines that the probative value of admitting this
evidence on the issue of credibility outweighs its prejudicial effect."

[2] "THE COURT: Under *People v Jackson,* 391 Mich 323, the Court
has the discretion. The Court has two sets of guidelines. One is the
statute 600.2158 which has been essentially the law of Michigan for
nearly a century. At one time, a person charged with a crime could
not testify at all and for the past 100 years, they have allowed them
to testify [*sic*] but the legislature has said that convictions of a crime
may be shown for the purpose of testing the credibility of such
witness.

"The Court Rule 609 was adopted—Michigan Rule of Evidence 609
was adopted after the *Jackson* case. It closely follows Federal Rule
609(a). However, for some reason, the Michigan Rules inserted the
word 'theft' which is not in the Federal Rule and they have allowed
theft in regardless of the punishment.

"For example, a simple larceny can be shown for the purpose of
affecting credibility. The three crimes involved here, the two by Mr.
Whigham and the one by Mr. Street, both involve theft.

"Now, Mr. Rice attempts to distinguish between theft in here and
robbery as a theft. I don't see any difference. I think robbery is a
theft. Therefore, I'll let their records in and I'll give the standard
instruction that it's to be considered for the purpose of credibility
only."

that was subsequently incorporated into MRE 609, that is, that the trial court must recognize that it has the discretionary power to admit or exclude a reference to a defendant's prior conviction. See *People v Bennett*, 85 Mich App 68; 270 NW2d 709 (1978), *People v Worden*, 91 Mich App 666; 284 NW2d 159 (1979). In *People v Cherry*, 393 Mich 261; 224 NW2d 286 (1974), the Supreme Court held that, in order to comply with the *Jackson* rule, the trial court must positively indicate and identify its exercise of discretion. And very recently, our highest court reiterated and elaborated upon this same principle. In *People v West*, 408 Mich 332; 291 NW2d 48 (1980), the Supreme Court, in addition to using the language of *Cherry, supra,* indicated that the words "Motion *in limine* denied" do not comply with the dictates of the above cited cases.[3]

Although the judge in the instant case expressly recognized his discretion and positively indicated and identified his exercise thereof, inquiry may still be made as to whether the judge's ruling was an abuse of discretion in the specific matter in issue. See *Bennett, supra.*

In *People v Crawford*, 83 Mich App 35, 39; 268 NW2d 275 (1978), this Court enumerated the factors to be considered in determining if evidence of a defendant's prior conviction should be admitted to impeach the defendant's credibility. This Court stated:

"The factors which the judge must weigh in making

---

[3] An amendment to MRE 609, adopted on May 9, 1980, and to be applied prospectively from the date of certification by the clerk's office, adopts the mandate of *Cherry* and *West.* See also *People v Joyner,* 93 Mich App 554; 287 NW2d 286 (1979). The amendment reads, in pertinent part:

"609(a)(2) the court determines that the probative value of admitting this evidence on the issue of credibility outweighs its prejudicial effect *and articulates on the record the factors* considered in making this determination." (New language emphasized.)

his determination include: (1) the nature of the prior offense (did it involve an offense which directly bears on credibility, such as perjury?), (2) whether it is for substantially the same conduct for which the defendant is on trial (are the offenses so closely related that the danger that the jury will consider the defendant a 'bad man' or infer that because he was previously convicted he likely committed this crime, and therefore create prejudice which outweighs the probative value on the issue of credibility?), and (3) the effect on the decisional process if the accused does not testify out of fear of impeachment by prior convictions (are there alternative means of presenting a defense which would not require the defendant's testimony, *i.e.*, can his side of the story be presented, or are there alternative, less prejudicial means of impeaching the defendant?)."

In the instant case, the record reveals that the judge misapplied these factors.

As to the first factor, the nature of the offense, assault with intent to commit armed robbery, is not a crime which involves veracity (as opposed to a crime such as perjury) and should be given less weight than crimes directly involving deceit. As felonies, the crimes do involve moral turpitude and, thus, are of some probative value.

Secondly, considering whether the prior convictions are for substantially the same conduct for which the defendant is on trial, the prior crimes in question are identical to one of the three charges in the instant case. The possibility for prejudice is highest in such a situation because of the danger of the jury concluding that, since defendant committed the crime not once, but twice before, he probably did it this time. Although not barred per se, evidence of prior convictions for the same crime should be admitted with extreme caution. *People v Green,* 86 Mich App 142, 147; 272 NW2d 216 (1978). *People v Baldwin,* 405 Mich 550, 553;

275 NW2d 253 (1979), cites the case of *Gordon v United States,* 127 US App DC 343; 383 F2d 936 (1967), for the proposition that similarity of the prior offenses is a factor weighing against admissibility:

" 'A special and even more difficult problem arises when the prior conviction is for the same or substantially the same conduct for which the accused is on trial. Where multiple convictions of various kinds can be shown, strong reasons arise for excluding those which are for the same crime because of the inevitable pressure on lay jurors to believe that "if he did it before he probably did so this time." As a general guide, those convictions which are for the same crime should be admitted sparingly; one solution might well be that discretion be exercised to limit the impeachment by way of a similar crime to a single conviction and then only when the circumstances indicate strong reasons for disclosure, and where the conviction directly relates to veracity.' "

Correct application of the second factor of *Crawford* should have led to the suppression of at least one, and possibly both, of defendant's prior convictions. The obvious potential for prejudice could not be outweighed by the probative value achieved by their admittance.

The third factor in *Crawford,* the effect on the decisional process, weighs heavily in favor of suppressing defendant's prior record. It was allegedly because of the denial of his motion *in limine* that defendant elected not to take the stand and presented no other witnesses on his behalf.

Thus, when the factors of *Crawford* are weighed together, the balance mandated suppression of the evidence in question, and the trial court erred in not so doing. As this Court recently stated in

*People v Moseley,* 94 Mich App 461, 464; 290 NW2d 39 (1979):

"[w]e have no doubt that it was error to allow the prosecution to present evidence as to the two prior convictions for essentially the same conduct for which defendant was on trial. Other, less prejudicial, alternatives existed, such as: showing only one conviction, or showing only that defendant had previous felony convictions of an unspecified nature."

In this case, however, as in *Moseley,* we find that the error was harmless. See *People v Stein,* 90 Mich App 159; 282 NW2d 269 (1979). While we realize that it is difficult to hold such error harmless where, as here, defendant did not take the stand, when presented with the overwhelming evidence against defendant, this Court does not envision a single juror having voted to acquit had the error not occurred. *People v Adan,* 83 Mich App 326; 268 NW2d 397 (1978).

Two of the robbery victims positively identified defendant as one of the four perpetrators of the crime. Both of these witnesses testified that defendant threatened them with a pistol. Additionally, the store manager testified that, although he did not observe defendant's face, he saw a man whom he believed to be armed standing as a lookout at the rear of the store. The manager further testified that this man left the store immediately after the other three robbers. This testimony was corroborated by a police officer who, with his partner, was part of a surveillance team observing the store in question during the commission of the crime. The officer testified that, with the aid of binoculars, he was able to see most of the robbery. He further testified that he saw four men exit from the store immediately after the robbery and that defendant

was one of these individuals. He then observed defendant enter an automobile with the other three men. He and his partner followed the car at high speeds until it finally crashed into a utility pole. When the officer approached the car, he testified that it held four men, one of whom was the defendant. Among the items retrieved from the automobile were two guns and various items that the store manager had testified had been taken during the robbery.

Defendant's counsel's final argument to the jury further convinces us that had defendant testified in his own behalf no juror would have acquitted him. The thrust of the closing argument was that the evidence had not shown defendant's participation in the robbery of the two victims named in the information but rather had shown his involvement in the robbery of two other persons whose names were not listed.[4] Because such an admission was sufficient to show that defendant was at least an aider and abettor in the robbery of the named victims, we find that the trial court's refusal to suppress evidence of his prior convictions did not interfere with his defense.

We note that we have carefully read defendant's supplemental brief submitted *in propria persona.* As to those issues not previously raised by defendant's counsel, we find them to be without merit.

Affirmed.

---

[4] In his closing argument, defense counsel stated in pertinent part:

"Now, if the Prosecutor had charged this man with attempting to rob Mrs. Ethel Jones or attempting to rob Mrs. Morris, then I wouldn't even be standing here because I think that certainly, the evidence is sufficient for you or any other reasonable mind to find beyond a reasonable doubt that Mr. Whigham went into that store and tried to rob Mrs. Morris and Mrs. Jones, but there isn't any evidence that he tried to rob or that he did rob Mr. Boykin or Mrs. Houston."