PEOPLE v HUGHES

Docket No. 64131. Decided August 24, 1981. On application by the defendant for leave to appeal the Supreme Court, in lieu of granting leave to appeal, reversed the judgment of the Court of Appeals and remanded to the Washtenaw Circuit Court for a new trial. Rehearing denied 412 Mich 1101.

Howard Hughes, III, was convicted by a jury in Washtenaw Circuit Court, William F. Ager, Jr., J., of first-degree murder. The trial court denied the request of defense counsel that, if the defendant chose to testify, references to his conviction of second-degree murder 14 years earlier be excluded. The defendant thereupon elected not to testify in his own behalf. The Court of Appeals, Allen, P.J., and D. E. Holbrook, J. (T. M. Burns, J., dissenting), affirmed, holding that the trial court did not abuse its discretion in ruling that reference to the prior conviction was admissible (Docket No. 78-1038). Defendant applied for leave to appeal, and after response by the prosecutor, the Supreme Court, in a per curiam opinion signed by Justices Kavanagh, Williams, Levin, Fitzgerald, and Ryan, *held:*

The prejudicial effect of evidence of a 14-year-old conviction of essentially the same crime as that with which the defendant was charged outweighed its probative value.

1. Although the trial judge's explanation is confusing, it appears that he properly recognized that he had discretion to exclude the evidence of defendant's prior conviction or to admit it for the limited purpose of attacking the defendant's credibility. In his exercise of this discretion, however, he erred because he apparently believed that evidence of the defendant's college education and subsequent accomplishments would be pertinent to his credibility. There is no probative relationship between a person's educational achievements or other accomplishments and his or her disposition to truthfulness.

2. The probative value of a prior felony conviction on the issue of credibility is not to be weighed against the probative value of some other evidence. It is to be weighed against its potential prejudicial effect on the fairness of the defendant's trial. Among the factors to be considered are the nature of the

prior offense, whether the conviction was for substantially the same conduct as that for which the accused is on trial, and the effect on the decisional process if the accused does not testify for fear of impeachment by prior convictions. The purposes of the inquiry are to put before the jury only those prior convictions indicative of the defendant's disposition toward truthfulness and veracity, and to keep from the jury those convictions which; although they may be indicative of defendant's disposition toward truthfulness, may interfere with the jury's ability to determine the defendant's guilt or innocence on the basis of the evidence. Such interference is what is meant by "prejudice". If, after evaluating these factors, the judge believes the prejudicial effect of admitting prior conviction evidence outweighs its probative value, the evidence should be excluded.

The judgment of the Court of Appeals is reversed and the case is remanded to the Washtenaw Circuit Court for a new trial, with directions intended to obviate other questions not decided.

Justice Moody, joined by Chief Justice Coleman and Justice Ryan, concurred in the result in a separate opinion. The fact that 14 years separated the two offenses, the fact that the crimes were substantially similar, the fact that the nature of the prior conviction, although probative, offers modest insight as to credibility, and the fact that the defendant did not testify lead to the conclusion that the prejudicial nature of this evidence outweighed its probative value.

93 Mich App 333; 287 NW2d 226 (1979) reversed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William F. Delhey,* Prosecuting Attorney, and *Elizabeth Osgood Pollard,* Assistant Prosecuting Attorney, for the people.

*Arthur J. Tarnow* for defendant.

PER CURIAM. The defendant was charged with felony murder in the killing of a policeman during a bank robbery. His first trial ended in a hung jury. At his second trial in 1977, the defendant was convicted and sentenced to life. The Court of Appeals affirmed the conviction. Defendant filed

an application for leave to appeal with this Court and the prosecutor responded. After careful consideration of the contentions of both parties and review of the record, in lieu of granting leave to appeal, we reverse and remand to the trial court for a new trial.

Prior to the presentation of the defense testimony at the second trial, the defendant's counsel asked the trial judge to exclude references to the defendant's 1963 conviction of second-degree murder. The trial judge denied the request declaring:

"As to the second request, [that] the court suppress any testimony, if the defendant takes the stand as to his past record, of course this only applies, any reference on defendant's past criminal record could only be brought if the defendant testifies. If he testifies, the court in exercising discretion, would feel that it would be proper to cross-examine the defendant only as to his felony record [of] which he either has been found guilty or pled guilty, not misdemeanors or anything of this nature. * * * The court feels that this would go to the credibility of the defendant if he testifies. In the same manner, defendant, as if he testifies, testimony as to his college education where or what he's been doing pursuant, those things that he's accomplished, this also being brought forth as to anything which would affect his credibility, may also be presented by counsel for defendant, if the defendant testifies. This would be pertinent to his credibility. So what counsel appears to be arguing [is] that it would be proper to show that the defendant has done excellent work in school, and so forth, and that he's been without a blemish for many years, but then defendant seems to claim that at that point the testimony should stop and say everything that's good should be permitted to be offered as to his credibility, but nothing in any way affecting his credibility should be offered, and the court, in its discretion, feels that this case on the basis of what the court has heard and seen, the court feels that this would be proper for cross-examination as to this felony."

Although we find this explanation confusing, it appears that the judge properly recognized that he had discretion to exclude the evidence of defendant's prior conviction or to admit it for the limited purpose of attacking the defendant's credibility. In his exercise of this discretion, however, he erred in two particulars. First, he apparently believed that evidence of defendant's college education and subsequent accomplishments would be pertinent to his credibility. There is no probative relationship between a person's educational achievements or other accomplishments and his or her disposition to truthfulness. Second, the "credibility" import of a prior felony conviction is not to be weighed against the "credibility" import of some other evidence. It is to be weighed against its potential prejudicial effect on the fairness of the defendant's trial.

In *People v Jackson,* 391 Mich 323, 333; 217 NW2d 22 (1974), and *People v Baldwin,* 405 Mich 550, 552-553; 275 NW2d 253 (1979), we set forth guidelines for the exercise of the trial court's discretion in balancing the prejudicial effect of evidence of prior convictions against their probative value on the issue of credibility. Among the factors to be considered are the nature of the prior offense, whether the conviction was for substantially the same conduct as that for which the accused is on trial, and the effect on the decisional process if the accused does not testify for fear of impeachment by prior convictions.[1]

The purpose of this inquiry is two-fold:

1) To put before the jury only those prior convictions indicative of the defendant's disposition toward truthfulness and veracity; and

---

[1] The trial in this case preceded the March 1, 1978 effective date of the Michigan Rules of Evidence. The listed factors continue to be relevant in the balancing required by MRE 609(a)(2).

2) To keep from the jury those convictions which, although they may be indicative of defendant's disposition toward truthfulness, may interfere with the jury's ability to determine the defendant's guilt or innocence on the basis of the evidence. Such interference is what is meant by "prejudice".

If, after evaluating these factors, the judge believes the prejudicial effect of admitting prior conviction evidence outweighs its probative value, the evidence should be excluded.

Here the conviction was of essentially the same crime as that with which the defendant was charged and was approximately 14 years old. For these reasons we are persuaded that the prejudicial effect of this evidence outweighed its probative value.

The defendant also contends that he was denied equal protection of the law because the trial court denied him a complete transcript of the first trial. He further argues that the trial judge should have disqualified himself because he, along with the other judges of the Washtenaw Circuit Court, attended the funeral of the Ypsilanti policeman who was killed during the armed robbery.

Inasmuch as we have ordered a new trial on the basis of defendant's first assertion of error, to obviate the problems implicated in the other questions we direct that on retrial the defendant be furnished a complete transcript of the first trial which resulted in a mistrial and that the State Court Administrator assign a visiting judge to hear the case. In ordering the appointment of a visiting judge we intimate no finding of bias or prejudice on the part of the trial judge or of the other judges of the Washtenaw Circuit Court.

Pursuant to GCR 1963, 853.2(4), we reverse the

judgment of the Court of Appeals and remand to the Washtenaw Circuit Court for a new trial.

KAVANAGH, WILLIAMS, LEVIN, FITZGERALD, and RYAN, JJ., concurred.

BLAIR MOODY, JR., J. *(concurring)*. I concur with the result reached by the Court. The defendant was charged with felony murder. The trial judge denied the request of the defendant to exclude references to the defendant's prior conviction of second-degree murder that occurred 14 years previously.

In *People v Jackson,* 391 Mich 323; 217 NW2d 22 (1974), it was stated:

"Among the factors to be considered are the nature of the prior offense, whether it is for substantially the same conduct for which the accused is on trial, and the effect on the decisional process if the accused does not testify from fear of impeachment by prior convictions."[1]

Furthermore, this Court has approved the factors outlined in *Gordon v United States,* 127 US App DC 343; 383 F2d 936 (1967), which include: "As a general guide, those convictions which are for the same crime should be admitted sparingly."

The fact that 14 years separated the two offenses, the fact that the crimes were substantially similar, the fact that the nature of the prior conviction, although probative, offers modest insight as to credibility, and the fact that the defendant did not testify lead to the conclusion that the prejudicial nature of this evidence outweighed its probative value.

COLEMAN, C.J., and RYAN, J., concurred with BLAIR MOODY, JR., J.

---

[1] It is to be noted that upon retrial MRE 609 will be applicable.