PEOPLE v STEELE

Docket No. 52259. Submitted June 11, 1981, at Detroit.—Decided May 4, 1982.

Kent H. Steele was convicted by a jury of entering without breaking with the intent to commit a larceny, Detroit Recorder's Court, George W. Crockett, Jr., J. He appeals alleging error in the failure to suppress evidence of three of his four prior convictions, in placing the burden on him to justify excluding evidence of the convictions, and in the instructions to the jury. In an opinion by H. R. GAGE, J., *held:*

1. The court did not abuse its discretion in partially denying defendant's motion to suppress. The court admitted evidence of only those convictions not substantially similar to the crime charged and which are recognized as bearing on dishonesty.

2. The court properly determined that the prejudicial effect of admitting the evidence was outweighed by its probative value on the issue of credibility. The trial having occurred prior to the amendment to the evidence rule requiring the court to articulate on the record the factors considered in reaching its decision, the judge was not required to state his reasons absent a showing that he misapplied the criteria.

3. Placing the burden of persuasion on the defendant was not improper in accordance with the basic rule of evidence that all relevant evidence is admissible unless otherwise shown.

4. No manifest injustice being found, the defendant's failure to object to the instructions at trial precludes appellate review.

CYNAR, J., concurred with H. R. GAGE, J., but would hold that the burden of justifying the exclusion of evidence of defendant's prior convictions properly rests on the prosecution. However,

REFERENCES FOR POINTS IN HEADNOTES

[1-3, 5, 8, 9] 29 Am Jur 2d, Evidence §§ 320, 321, 327.

[2, 5, 5, 8, 9] 20 Am Jur 2d, Evidence §§ 251 *et seq.,* 260.

[4] 29 Am Jur 2d, Evidence §§ 341, 346.

81 Am Jur 2d, Witnesses § 636.

[5, 8, 9] 29 Am Jur 2d, Evidence § 125.

[7] 5 Am Jur 2d, Appeal and Error § 623.

75 Am Jur 2d, Trial §§ 906, 909.

he feels the factors to be considered by the court in making its determination weigh in favor of admission and, therefore, the prosecution's burden of persuasion was met regardless of whether the defendant or the prosecution advanced arguments regarding admission.

Affirmed.

D. C. RILEY, P.J., dissented. She would hold that it was error requiring reversal to place the burden on the defendant to persuade the court that his criminal record should be excluded. She would reverse.

OPINION OF H. R. GAGE, J.

1. CRIMINAL LAW — IMPEACHMENT — PRIOR CONVICTIONS — RULES OF EVIDENCE.

A decision to allow impeachment of a defendant by evidence of his prior conviction is within the discretion of a trial court (MRE 609).

2. CRIMINAL LAW — IMPEACHMENT — PRIOR CONVICTIONS — RULES OF EVIDENCE.

A trial court must determine whether the probative value of evidence of a defendant's prior conviction on the issue of credibility outweighs its prejudicial effect prior to exercising its discretion to admit such evidence (MRE 609).

3. CRIMINAL LAW — IMPEACHMENT — RULES OF EVIDENCE.

A trial court should recognize that it has the discretionary power to admit or exclude a reference to a defendant's prior conviction and positively indicate and identify on the record its exercise of discretion (MRE 609).

4. CRIMINAL LAW — REPUTATION FOR TRUTH AND VERACITY.

A defendant who testifies in his own behalf thereby places his reputation for truth and veracity at issue.

5. CRIMINAL LAW — IMPEACHMENT — PRIOR CONVICTION — BURDEN OF PERSUASION.

The burden is on a defendant to persuade the trial court that the use of evidence of prior convictions to impeach the defendant if he testifies is more prejudicial than probative of the defendant's credibility.

6. CRIMINAL LAW — EVIDENCE — RULES OF EVIDENCE.

All relevant evidence is admissible in a criminal trial unless otherwise shown not to be admissible (MRE 402).

7. Appeal — Jury Instructions.

The Court of Appeals should not consider a party's claim that error occurred in the giving of an instruction to the jury unless the party claiming error specifically objected to the instruction before the jury retired to consider a verdict.

Concurrence by Cynar, J.

8. Criminal Law — Impeachment — Prior Convictions — Burden of Persuasion.

*The burden is on the prosecution to persuade the trial court that the use of evidence of prior convictions to impeach a defendant is less prejudicial than probative of the defendant's credibility; however, where the factors to be considered by the court in making its determination weigh in favor of admission the prosecution's burden of persuasion has been met, regardless of whether the defendant or the prosecution advanced explanations or arguments.*

Dissent by D. C. Riley, P.J.

9. Criminal Law — Impeachment — Prior Convictions — Burden of Persuasion.

*The burden is on the prosecution to persuade the trial court that the use of evidence of prior convictions to impeach the defendant is less prejudicial than probative of the defendant's credibility.*

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Principal Attorney, Appeals, and *Carolyn Schmidt,* Assistant Prosecuting Attorney, for the people.

*Craig A. Daly (Gary Granader,* of counsel), for defendant on appeal.

Before: D. C. Riley, P.J., and Cynar and H. R. Gage,* JJ.

H. R. Gage, J. Defendant was charged with entering without breaking with the intent to commit

---

* Circuit judge, sitting on the Court of Appeals by assignment.

a larceny. MCL 750.111; MSA 28.306. Following a trial by jury defendant was convicted as charged and sentenced to a prison term of 30 to 60 months. He appeals as of right raising two issues for review. We affirm.

Defendant first contends that the trial court erred in partially denying his motion to suppress evidence of four prior convictions. The court suppressed evidence on a 1979 conviction for attempted entry without breaking, but denied the motion with regard to a 1977 conviction for larceny under $100, a 1978 conviction for larceny in a building and a 1978 conviction for attempting to unlawfully drive away an automobile. Defendant did not testify.

The decision to allow impeachment of a defendant by evidence of prior convictions is left to the trial court's discretion. *People v Jackson,* 391 Mich 323, 336; 217 NW2d 22 (1974), *People v Whigham,* 102 Mich App 96, 98; 300 NW2d 753 (1980). The court is required to recognize that it has the discretion, to identify its exercise of that discretion and to determine whether the prejudicial effect of admitting the evidence outweighs its probative value on the issue of credibility. MRE 609, *Jackson, supra, People v Cherry,* 393 Mich 261; 224 NW2d 286 (1974), *People v Hughes,* 411 Mich 517, 521; 309 NW2d 525 (1981).[1]

---

[1] At the time of trial, March 12, 1980, MRE 609 did not require the court to articulate on the record the factors considered in reaching its decision. The amendment to MRE 609(a)(2) requiring such an articulation did not become effective until May 14, 1980. *People v Hayes,* 410 Mich 422, 427, fn 2; 301 NW2d 828 (1981). Prior to the amendment, this Court was split on the question of whether the judge should articulate on the record the factors considered in making his determination. *People v Gary Johnson,* 105 Mich App 332, 337-338; 306 NW2d 501 (1981). We would hold that in the absence of any showing that the trial judge herein affirmatively misapplied any of the criteria, he was not required to state his reasons on the record. (This writer notes that one member of this panel is of a similar view while

The colloquy between the court and counsel concerning defendant's motion is quoted by the dissent. It demonstrates that the court recognized that it had the discretion to suppress evidence of defendant's prior convictions and that it properly applied MRE 609. In excluding evidence of defendant's 1979 conviction for attempted entry without breaking, the court recognized the similarity of the offense as a factor weighing against admissibility and determined that its prejudicial effect would outweigh its probative value on the issue of credibility. Conversely, the court determined that the probative value of defendant's theft-related convictions outweighed their prejudicial effect. Crimes involving theft are specifically recognized as ones which may be used for impeachment. MRE 609(a)(1). If a defendant testifies in his own defense, he, like any other witness, places his reputation for truth and veracity in issue. *People v Huff,* 101 Mich App 232, 241; 300 NW2d 525 (1980). The jury should not be misled regarding the true facts pertaining to defendant's reputation for truth and veracity. The court admitted evidence of only those convictions which were not substantially similar to the crime for which defendant was on trial and which are recognized as bearing on dishonesty. *Huff, supra,* 246. It did not abuse its discretion in partially denying defendant's motion.

Defendant also contends that the trial court erred in placing the burden on him to justify excluding evidence of the convictions rather than on the prosecutor to justify its admission. In a well-reasoned opinion by Judge BEASLEY, this Court recently stated:

---

the other would disagree. *People v Roberson,* 90 Mich App 196; 282 NW2d 280 [1979], *lv den* 407 Mich 908 [1979] [D. C. RILEY, J., *dissenting*].) On the record before this Court we do not find that the judge affirmatively misapplied any of the relevant criteria.

"Regarding the Michigan cases, we note *People v Jones* [92 Mich App 100; 284 NW2d 510 (1979)] rested on the two cases of *Luck v United States* [121 US App DC 151; 348 F2d 763 (1965)] and *Gordon v United States* [127 US App DC 343, 346; 383 F2d 936, 939 (1967)], both decided in intermediate Federal appellate courts. In *Gordon,* the court said:

" '*Luck* also contemplated that it was for the defendant to present to the trial court sufficient reasons for withholding past convictions from the jury in the face of a statute which makes such convictions admissible. * * * The underlying assumption was that prior convictions would ordinarily be admissible unless this burden is met. "The trial court is not *required* to allow impeachment by prior conviction every time a defendant takes the stand in his own defense." ' (Footnote omitted.)

"The *Gordon* opinion went on to say that to bar the use of previous convictions as impeachment the court must find that the prejudice far outweighs the probative relevance to credibility. The court then further said:

" '*The burden of persuasion in this regard is on the accused;* * * *.*' (Emphasis added.)

"We would also note that the leading Michigan case of *People v Jackson, supra,* cites and places heavy reliance upon the cited Federal cases of *Gordon* and *Luck, supra.* Under these circumstances, we believe that *People v McCartney* [60 Mich App 620; 231 NW2d 472 (1975)], *People v Killebrew* [61 Mich App 129; 232 NW2d 329 (1975)] and *People v Jones, supra,* are in error in holding that the burden of proof is on the prosecution to establish that the probative value outweighs the possible prejudicial effect. We suggest that the rule is to the contrary, as indicated from the above quotations from *Gordon.*" *Huff, supra,* 250-251.[2]

---

[2] We recognize that *Huff* was recently reversed by the Supreme Court, in a one-line order without explanation. *People v Huff,* 411 Mich 974; 308 NW2d 110 (1981). In light of this Court's ultimate determination in *Huff* that the prosecutor could ask the defendant about his prior felony conviction without specifying the felony, it is my belief that the Supreme Court's reversal was directed at that determination. This Court's discussion concerning the burden of persuasion remains persuasive.

Such rationale follows from the basic rule of evidence that all relevant evidence is admissible unless otherwise shown. MRE 402. Thus, even assuming that the court placed the burden of persuasion on defendant, such an imposition was not improper.[3]

The dissent would reverse defendant's conviction solely upon its belief that the prosecutor had the burden of justifying the admission of evidence of the prior convictions without reaching the ultimate determination of whether the court abused its discretion in allowing its admission. Although *Luck* and *Gordon* were recently criticized in *United States v Smith,* 179 US App DC 162; 551 F2d 348 (1976), the court in that case did not base its decision solely, or even in large part, upon its finding that the burden of persuasion was on the prosecutor.

The *Smith* court first noted that the trial judge erred in failing to determine whether the probative value of evidence of the convictions, on the issue of credibility, outweighed its prejudicial effect. Indeed, the sole purpose for the court's remand was for the trial judge to make such a determination. *Smith,* 179 US App DC 162, 171; 551 F2d 357. The court then determined that the judge's error in failing to make such a determination could not, under the circumstances of the case, be deemed harmless. The defendant expressed a desire to testify on his own behalf. His attorney informed the trial judge that he wished

---

[3] We do not believe that the court shifted the burden of persuasion to defendant. It is apparent from the colloquy between the court and counsel that the sole purpose of the court's questions was to determine the nature of the prior convictions. The arguments advanced by defendant's counsel were not the result of any obligations imposed by the court. The court was sufficiently familiar with the case that it was able to review any suppression motion in light of the potential prejudice to the defendant.

to deny any connection with the crime charged. In light of these statements by both the defendant and his attorney, the *Smith* court concluded that the defendant was dissuaded from testifying primarily by the trial judge's refusal to exclude evidence of his prior conviction. *Smith,* 179 US App DC 162, 179; 551 F2d 365. The court then concluded that the prosecutor's case was not so strong that it could be said the defendant's testimony could not have had some effect on the jury's determination. *Smith,* 179 US App DC 162, 179-180; 552 F2d 365-366. The error, therefore, was not harmless. The *Smith* decision cannot be relied upon for the proposition that reversal is required solely because the prosecutor failed to offer any argument in support of the admission of evidence of the convictions.

The trial court's function is to determine whether the prejudicial effect of admitting the evidence outweighs its probative value on the issue of credibility. *Hughes, supra.* The court did not abuse its discretion in denying defendant's motion with regard to the three theft-related offenses.

Defendant's second allegation of error concerns the court's instructions to the jury. Defendant contends that the court misrepresented the theory of the defense and shifted the burden of proof to defendant. Defendant failed to object to the instructions, precluding appellate review in the absence of manifest injustice. *People v Anglin,* 111 Mich App 268, 285; 314 NW2d 581 (1981). Upon a review of the instructions in their entirety, we find no manifest injustice. The court properly instructed the jury that the prosecutor had the burden of proof. The court adequately represented defendant's theory of the case.

I would affirm.

CYNAR, J. *(concurring)*. I agree with the result reached by Judge GAGE and I concur with her reasoning except for her suggestion that the burden of justifying the exclusion of defendant's prior convictions may properly rest on the defendant. I believe that the plain language of MRE 609(a)(2) places the burden on the prosecution. That rule provides that the court must determine that the probative value of evidence of the conviction outweighs its prejudicial effect. Rule 609(a), when read in its entirety, requires that such a determination be made as a prerequisite to admission. I interpret the rule to place the burden of persuasion on the prosecution.

Regardless of whether the defendant or the prosecution advanced explanations or arguments, the factors to be considered by the trial court in making its determination weigh in favor of admission, and therefore the prosecution's burden of persuasion has been met.

D. C. RILEY, P.J. *(dissenting)*. Defendant was convicted by a jury of entering without breaking with intent to commit larceny, MCL 750.111; MSA 28.306, and sentenced to a prison term of 30 to 60 months. He appeals his conviction as a matter of right, raising two allegations of error, one of which is dispositive of this appeal.

Defendant contends that the trial court committed error requiring reversal by partially denying his motion *in limine* to suppress evidence of his prior convictions. Four prior convictions were at issue: larceny under $100 in 1977; larceny in a building in 1978; attempting to unlawfully drive away an automobile in 1978; and attempted entering without breaking in 1979. Of the four convictions, only evidence on the 1979 attempted entry

without breaking was ruled excludable. The following excerpt from the trial transcript constitutes the entire discussion of defendant's motion:

"*[Defense attorney]:* Your Honor, as to the 1979 conviction which is the same as this one attempt entering without breaking, given the rule in this case, in these cases concerning impeachment by prior convictions, I would call the court's attention to *People v Dale Crawford.*

"*The Court:* I don't think you need belabor that, let me hear from the prosecution.

"With respect to that conviction that is for the same offense as this one that occurred in 1979, have you any objections to excluding that?

"*[Prosecuting Attorney]:* No, your Honor, I have no objection to excluding that but I would ask the court if the defendant does elect to testify, I could ask him about his other larceny conviction.

"*The Court:* I am going to take them one at a time, that one we will exclude. What are the others?

"*[Defense attorney]:* There is a 1977 conviction, your Honor, for larceny under $100.

"*The Court:* That does not involve breaking and entering?

"*[Defense attorney]:* No, your Honor, it doesn't.

"*The Court:* That's a misdemeanor?

"*[Defense attorney]:* That is correct, your Honor, but my understanding of the statute is that—

"*The Court:* It involved larceny?

"*[Defense attorney]:* Yes, I would ask the court given the highly prejudicial nature in crimes of a similar nature, this one involving breaking and entering with the intent to commit larceny and that crime also involving larceny, I think that if Mr. Steele chose to testify, it would be very difficult for the jury to separate the probative value of that offense over the prejudicial value.

"*The Court:* That misdemeanor is the only other conviction he had?

"*[Defense attorney]:* No, unfortunately, your Honor, it

is not. In 1978, he also has larceny in a building and 1978 attempt unlawfully driving away an automobile.

"*The Court:* No. I will, as I said, exclude the 1979 conviction that involved breaking and entering. The other convictions that involved larceny, I believe that the probative value on the issue of credibility outweighs the incidental relationship between those convictions and this charge."

Defendant did not testify in his own behalf nor were any other defense witnesses called.

Decisions regarding the admissibility of evidence of prior convictions are within the trial judge's discretion. *People v Jackson,* 391 Mich 323, 336; 217 NW2d 22 (1974). In *People v Cherry,* 393 Mich 261; 224 NW2d 286 (1974), the Court stated: "the trial court must positively indicate and identify its exercise of discretion", in allowing or barring testimony regarding prior convictions. The factors which the judge must consider in making his determination on the admissibility of evidence of prior convictions for impeachment purposes were set forth in *People v Crawford,* 83 Mich App 35, 39; 268 NW2d 275 (1978), and succinctly restated in *People v Clay,* 95 Mich App 152, 161; 289 NW2d 888 (1980):

"(1) the nature of the prior offense and its bearing on defendant's credibility, (2) whether it is for substantially the same conduct for which defendant is on trial, with closely related offenses requiring close scrutiny due to the likelihood of prejudice, and (3) the effect on the decisional process if the defendant does not testify out of fear of impeachment."

Whether the court adequately considered the *Crawford* criteria need not be addressed by this Court since the colloquy quoted earlier indicates that the court placed the burden on the defendant

to persuade the court that his criminal record should be excluded. *Crawford, supra,* 38.[1]

I contend that this error requires reversal. The people bear the burden of justifying admission of evidence of prior convictions. *People v McCartney,* 60 Mich App 620, 625; 231 NW2d 472 (1975). In the instant case, the prosecutor did not participate in the discussion regarding the suppression of evidence of the three prior convictions which the court refused to exclude. Since the court ruled on the motion without hearing from the prosecution, the burden of persuasion was cleary misplaced.

I acknowledge that the *McCartney* decision, placing the burden on the prosecutor, was recently criticized by a panel of this Court. *People v Huff,* 101 Mich App 232; 300 NW2d 525 (1980), *rev'd* 411 Mich 974; 308 NW2d 110 (1981). The Court of Appeals in *Huff* noted that Michigan cases deciding MRE 609 issues placed great weight on *Luck v United States,* 121 US App DC 151; 348 F2d 763 (1965), and *Gordon v United States,* 127 US App DC 343; 383 F2d 936 (1967).

In *Gordon,* Chief Justice Burger, then circuit judge, after discussing the *Luck* test, which requires the prejudice must "far outweigh" the probative relevancy to credibility, stated:

> *"The burden of persuasion in this regard is on the accused;* and, once the issue is raised, the District Court should make an inquiry, allowing the accused an opportunity to show why judicial discretion should be exer-

---

[1] The trial court must consider the effect on the decisional process if the defendant does not testify out of fear of impeachment by use of his prior convictions. *People v Crawford,* 83 Mich App 35, 39; 268 NW2d 275 (1978). The unique facts of this case and the defendant's defense would be important when the court considers the effect on the decisional process if defendant did not testify. The record does not reveal that the trial court considered this factor in making its decision. The defendant ultimately did not testify and did not present any other witnesses on his own behalf in this case.

cised in favor of exclusion of the criminal record." 127
US App DC 343, 346-347; 383 F2d 939-940. (Emphasis
added.)

*Huff,* in view of the above, believed that *Mc-
Cartney* was in error. The Court suggested that
the rule on the burden of persuasion is to the
contrary. *Huff, supra,* 251.

*Huff* was not decided on the burden of persua-
sion issue, and the dicta suggesting *McCartney* is
incorrect I believe to be erroneous. With all due
respect to the *Huff* panel, the weakness in their
analysis is their reliance on *Gordon* which, I note,
elicited critical analyses in *United States v Smith,*
179 US App DC 162; 551 F2d 348 (1976).

The defendants in *Smith* were charged with
armed robbery and the prosecution attempted to
impeach defendants' credibility by use of prior
convictions. The issue was governed by 609(a) of
the Federal Rules of Evidence which became effec-
tive July 1, 1975, eight years after the *Gordon*
decision.

The court, after an exhaustive compilation of
legislative history, concluded that FRE 609(a) "man-
ifests an intent to shift the burden of persuasion
with respect to admission of prior conviction evi-
dence for impeachment". *Smith,* 179 US App DC
162, 173; 551 F2d 359. The *Gordon* test, the vari-
ous subcommittee versions, and the adopted rule,
were compared by the *Smith* court. The court
reasoned that the variations were not purely se-
mantic and stated:

"The prosecution now must bear the burden of estab-
lishing that prior conviction evidence should be admit-
ted. Our grammatical interpretation of the bare word-
ing of Rule 609 is reinforced by the remarks of two
leading conferees during debate on the floor of the

House. Defending the Conference Committee product, Congressman Dennis said,

" 'What the present compromise does is to say that you can inquire on cross examination about these *[sic]* type of prior convictions which really bear on credibility, and you can ask about all other felonies on cross examination, only if you can convince the court, and the burden is on the government, which is an important change in the law, that the probative value of the question is greater than the damage to the defendant * * *.' 120 Cong Rec H 12,257 (daily ed, December 18, 1974).

"Representative Hungate declared, '[T]he rule puts the burden on the proponent of [prior conviction] evidence to show that it should be used—to show that the probative value of the evidence outweighs its prejudicial effect to the defendant.' *Id.,* 12,254." *Smith,* 179 US App DC 162, 174; 551 F2d 360.

MRE 609(a) is a modified version of FRE 609(a), varying in a number of respects.[2] However, the

[2] MRE 609, "Impeachment by Evidence of Conviction of Crime" reads:

"(a) General rule. For the purpose of attacking the credibility of a witness, evidence that he has been convicted of a crime shall be admitted if elicited from him or established by public record during cross-examination but only if

"(1) the crime was punishable by death or imprisonment in excess of one year under the law under which he was convicted, or the crime involved theft, dishonesty or false statement, regardless of the punishment, and

"(2) the court determines that the probative value of admitting this evidence on the issue of credibility outweighs its prejudicial effect and articulates on the record the factors considered in making the determination."

FRE 609, "Impeachment by Evidence of Conviction of Crime" reads:

"(a) General rule. For the purpose of attacking the credibility of a witness, evidence that he has been convicted of a crime shall be admitted if elicited from him or established by public record during cross-examination but only if the crime (1) was punishable by death or imprisonment in excess of one year under the law under which he was convicted, and the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the defendant, or (2) involved dishonesty or false statement, regardless of the punishment."

purpose of MRE 609(a) is similar to that of the federal rule. Under the Michigan rule the criminal defendant's credibility can be attacked

*"but only if*

"(1) the crime was punishable by death or imprisonment in excess of one year under the law under which he was convicted, or the crime involved theft, dishonesty or false statement, regardless of the punishment, and

"(2) *the court determines that the probative value of admitting this evidence on the issue of credibility outweighs its prejudicial effect* and articulates on the record the factors considered in making the determination." (Emphasis added.)

The federal rule allows impeachment by evidence of prior felony conviction only if "the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the defendant". FRE 609(a)(1).

The similarity of purpose between the rules appears clear. The variations in the Michigan rule, as explained in the state's committee notes and comments, were for purposes other than to shift the burden of persuasion. Michigan Court Rules Annotated—Evidence Rules 1979, p 344. The legislative history set forth in *Smith* is controlling, therefore, on who bears the burden of persuasion.

I am persuaded, therefore, that the dicta in *Gordon* and *Huff* are misguided. The burden is on the prosecutor to demonstrate that the probative value of the evidence outweighs its prejudicial effect. In the instant case, the burden of persuasion was clearly misplaced I believe.

I would reverse and remand.