PEOPLE v JAMES ROBINSON

Docket No. 66256. Argued April 5, 1983 (Calendar No. 8).—Decided
November 21, 1983.

James Robinson, Jr., was found by a jury in the Recorder's Court
of Detroit, James E. Roberts, J., to be guilty of second-degree
criminal sexual conduct, but mentally ill. The Court of Appeals,
Danhof, C.J., and M. J. Kelly and Corsiglia, JJ., affirmed in an
unpublished opinion per curiam (Docket No. 46091). The defen-
dant appeals, alleging that the admission of evidence of his
prior criminal record during expert testimony for the prosecu-
tion for the limited purpose of apprising the jury of the back-
ground material on which the expert based his opinion of the
defendant's sanity was error which requires reversal.

In a unanimous opinion by Justice Kavanagh, the Supreme
Court *held:*

Evidence of a defendant's criminal record may be relevant as
showing the basis of expert opinion about the defendant's
sanity. In this case, however, it was so prejudicial that it should
have been excluded.

1. The Rules of Evidence provide for the admission of the
facts or data upon which an expert witness bases an opinion or
inference. But they also provide that although such evidence
may be relevant, it may be excluded if its probative value is
substantially outweighed by the danger of unfair prejudice.
Evidence of other crimes is generally inadmissible because its
probative value is outweighed by the disadvantage of diverting
the trier of fact from an objective appraisal of the defendant's
guilt or innocence.

2. In this case, the reading of the defendant's criminal record
to the jury by the prosecution's expert had a devastating effect
on the defendant's right to a fair trial which could not be
removed effectively from the jurors' minds by a curative in-
struction.

Reversed and remanded for a new trial.

REFERENCES FOR POINTS IN HEADNOTE
29 Am Jur 2d, Evidence §§ 320, 321.
31 Am Jur 2d, Expert and Opinion Evidence §§ 85, '86.

1. CRIMINAL LAW — EVIDENCE — EXPERT WITNESSES — DEFENSES —
    INSANITY.

   Evidence of a defendant's criminal record may be relevant as
   showing the basis of expert opinion about the defendant's
   sanity, but should nonetheless be excluded in the exercise of
   the court's discretion if its probative value is outweighed by its
   prejudicial effect (MRE 403, 703, 705).

2. CRIMINAL LAW — EVIDENCE — OTHER CRIMES — RULES OF EVI-
    DENCE.

   Evidence of a defendant's other crimes, however relevant, is
   generally inadmissible because its probative value is out-
   weighed by the disadvantage of diverting the trier of fact from
   an objective appraisal of the defendant's guilt or innocence
   (MRE 403).

*Frank J. Kelley,* Attorney General, *Louis J.
Caruso,* Solicitor General, *William L. Cahalan,*
Prosecuting Attorney, *Edward Reilly Wilson,* Dep-
uty Chief, Civil and Appeals, and *Larry L. Roberts,*
Assistant Prosecuting Attorney, for the people.

*Robert E. Slameka* for the defendant.

KAVANAGH, J. This case concerns the admissibil-
ity of evidence of a defendant's criminal record as
a basis for expert opinion on the defendant's san-
ity.

We hold that such evidence is admissible subject
to the trial court's discretion.

James Robinson, Jr., was charged with second-
degree criminal sexual conduct. MCL
750.520c(1)(a); MSA 28.788(3)(1)(a). At the jury
trial, the defendant entered a defense of not guilty
by reason of insanity. Dr. William Canty, a psy-
chologist, testified on behalf of the defendant that
in his opinion the defendant had been mentally ill
for many years and could not have formed the
requisite intent to commit the crime charged. In
rebuttal, the prosecutor called Dr. Harley Stock,
also a psychologist. Dr. Stock testified that in his

opinion the defendant was neither mentally ill nor legally insane on the day of the alleged crime. Dr. Stock said that he based his opinion in part on the defendant's prior criminal record. Over defendant's objection, the court allowed Dr. Stock to read the defendant's criminal record into evidence for the limited purpose of apprising the jury of the background material on which the doctor based his expert opinion. The jury returned a verdict of guilty, but mentally ill, of second-degree criminal sexual conduct. The Court of Appeals affirmed in an unpublished per curiam opinion, decided on September 19, 1980.

The issue before us is whether the trial court erred in permitting the prosecutor to elicit evidence of defendant's prior criminal conduct from the expert witness.

The people argue that the evidence in question should be admitted solely to inform the jury of the facts on which the expert relied in forming his opinion. In *White v Bailey,* 10 Mich 155 (1862), a civil case concerning testamentary capacity, Justice CAMPBELL explained in his concurring opinion the importance of showing the circumstances and facts upon which a witness's opinion is based:

"*First,* it is necessary, in order to enable other experts to determine whether the opinions expressed by the witness are correct, and to enable the parties to contradict them, if wrong: *Second,* it is necessary in order that, if an opinion is given on a mistaken or perverted statement of facts, the truth may be elicited from others to destroy the foundation of the conclusions. And a third reason might be mentioned, which is that the court and jury may know, from his opportunities, what means the witness had of forming any opinion at all." 10 Mich 162.

In the instant case, Dr. Stock, the people's expert,

testified that he based his opinion of the defendant's sanity in part on the defendant's record of prior criminal conduct. This evidence, the people conclude, was therefore relevant for the limited purpose of evaluating the credibility of Dr. Stock's conclusion.

The Michigan Rules of Evidence provide for admission of such evidence under appropriate circumstances:

"RULE 703. BASES OF OPINION TESTIMONY BY EXPERTS.

"The facts or data in the particular case upon which an expert bases an opinion or inference may be those perceived by or made known to him at or before the hearing. The court *may* require that underlying facts or data essential to an opinion or inference be in evidence." (Emphasis supplied.)

"RULE 705. DISCLOSURE OF FACTS OR DATA UNDERLYING EXPERT OPINION.

"The expert may testify in terms of opinion or inference and give his reasons therefor *without prior disclosure* of the underlying facts or data, *unless the court requires otherwise.* The expert may in any event be required to disclose the underlying facts or data on cross-examination." (Emphasis supplied.)

Determination of relevancy, however, does not alone determine admissibility.

MRE 403 provides:

"RULE 403. EXCLUSION OF RELEVANT EVIDENCE ON GROUNDS OF PREJUDICE, CONFUSION, OR WASTE OF TIME.

*"Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice,* confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." (Emphasis supplied.)

In Michigan, evidence of other crimes is generally inadmissible because "whatever probative value such evidence has is outweighed by the

disadvantage of diverting the trier of fact from an objective appraisal of the defendant's guilt or innocence". *People v DerMartzex,* 390 Mich 410; 213 NW2d 97 (1973).

"This rule of law guards against convicting an accused person because he is a bad man. Barring such evidence prevents the trier of fact from inferring that the accused person is guilty of the charged offense because he has committed other similar acts or crimes." *People v Matthews,* 17 Mich App 48, 52; 169 NW2d 138 (1969).

There has developed a limited number of statutory and judicial exceptions to this rule of exclusion of evidence of other bad acts, but these exceptions are narrowly construed and the trial court must always determine whether the danger of unfair prejudice to the defendant substantially outweighs the probative value of the evidence sought to be introduced before admitting such evidence.[1]

In the case before us, the trial court allowed the prosecution's expert witness to read the defendant's criminal record to the jury. The record began in 1940 and continued up to September 1977 and included 32 offenses, many taking the form of criminal sexual conduct with minor children. We are convinced that this evidence had a devastating effect on the defendant's right to a fair trial. We agree with the defendant that it "is simply incredible that anyone would hear all of those prior acts of criminal conduct and then remove them from their mind based upon an instruction by the court when they are then to consider the guilt or innocence of the accused. The prejudicial impact of all those past anti-social acts

[1] *People v Golochowicz,* 413 Mich 298; 319 NW2d 518 (1982); *People v Hughes,* 411 Mich 517; 309 NW2d 525 (1981); *People v Wilkins,* 82 Mich App 260; 266 NW2d 781 (1978), *rev'd on other grounds* 408 Mich 69; 288 NW2d 583 (1980).

cannot be effectively removed from the jury's mind by a curative instruction."[2]

We are satisfied that the trial court committed error which requires reversal in admitting defendant's criminal record into evidence.

The rule of *People v Woody,* 380 Mich 332; 157 NW2d 201 (1968), and MRE 703 and 705 must be read together with the trial court's historic responsibility to evaluate the prejudicial impact of evidence against its probative value. See MRE 403.

We reverse the decision of the Court of Appeals, and remand for a new trial.

WILLIAMS, C.J., and LEVIN, RYAN, BRICKLEY, CAVANAGH, and BOYLE, JJ., concurred with KAVANAGH, J.

---

[2] The trial court instructed the jury twice concerning the evidence of defendant's prior criminal record, "Now, there's evidence that the defendant had a prior criminal conviction. This evidence must not be considered by you as evidence of his guilt of this crime, nor should it be considered by you as increasing the probability of having committed this crime. It was only admitted—only admitted under one theory, for one reason, and that is to give some—to indicate to you the background material upon which the psychiatrist based his—psychologist, rather, based his expert opinion. The principle is that if someone is going to give you the benefit of his expert opinion, then you're entitled to know the premise upon which he based that opinion, and that's the only basis upon which that testimony was admitted."

"Now, you have heard testimony from Dr. Stock of a prior criminal record. You are instructed that this testimony is not proof that the defendant actually committed the offense or offenses. In a criminal trial where sanity is asserted as a defense, the expert witness for the prosecution is allowed to base his opinion on allegations, prior arrests, convictions assaultive and antisocial conduct, ordinarily completely inadmissible as bearing on the general guilt or innocence of the accused of the offense charged."