Clement, J. (dissenting).
 

 I would not grant the defendant in this matter a new trial outright. Instead, I would return this case to the trial court to perform a proper analysis of whether the newly discovered witness could, legally, be impeached with his prior conviction, and to create a better record for reviewing courts to assess on appeal.
 

 Because I disagree with the relief the majority is ordering, I must dissent, but in reality there is less that separates me from the majority than it may seem. I entirely agree that defendant should receive some relief, because the trial court's handling of this case was inadequate. But the trial court's first error, which goes unaddressed in this Court's order, is that it never performed a proper analysis under MRE 609. Defendant's new witness had a prior conviction for armed robbery. The trial court opined that if the witness "had given testimony at the time of trial ..., certainly his testimony could be impeached, pursuant to MRE 609...." But MRE 609(a)(2)(B) only allows a prior conviction for a theft offense to be used to impeach a witness if "the court determines that the evidence has significant probative value on the issue of credibility and ... the court further determines that the probative value of the evidence outweighs its prejudicial effect." A series of exclusive factors to consider in assessing probative value and prejudicial effect is then provided in MRE 609(b), which also says that "[t]he court must articulate, on the record, the analysis of each factor."
 

 A trial court's failure to properly perform an MRE 609 analysis is erroneous. "[A] trial judge may in the exercise of discretion exclude reference to a prior conviction record, and ... it is error to fail to recognize that he has such discretion and, therefore, to fail or to refuse to exercise it."
 
 People v. James Jackson
 
 ,
 
 391 Mich. 323
 
 , 336,
 
 217 N.W.2d 22
 
 (1974), overruled in part on other grounds by
 
 People v. Hickman
 
 ,
 
 470 Mich. 602
 
 ,
 
 684 N.W.2d 267
 
 (2004), and
 
 McDougall v. Schanz
 
 ,
 
 461 Mich. 15
 
 ,
 
 597 N.W.2d 148
 
 (1999). "In order to comply with
 
 Jackson
 
 the trial court must positively indicate and identify its exercise of discretion."
 
 People v. Cherry
 
 ,
 
 393 Mich. 261
 
 , 261,
 
 224 N.W.2d 286
 
 (1974). In
 
 People v. West
 
 ,
 
 408 Mich. 332
 
 , 339-340,
 
 291 N.W.2d 48
 
 (1980), the trial court simply announced " 'Motion
 
 in limine
 
 denied,' " which we held "d[id] not comply with the dictates of
 
 Cherry
 
 and
 
 Jackson
 
 ." However, "[r]eversal of the defendant's convictions is not the proper remedy for the trial court's failure to articulate its reasons for admitting a prior conviction for impeachment on the record, as required by MRE 609(b)."
 
 People v. Watts
 
 ,
 
 482 Mich. 980
 
 , 980,
 
 755 N.W.2d 188
 
 (2008). Instead, in
 
 Watts
 
 , we ordered a double remand, directing the Court of Appeals to retain jurisdiction while remanding the case to
 the trial court "to make a record of its decision to permit impeachment of the defendant with an armed robbery conviction."
 
 Id
 
 ."
 
 Upon completion of that analysis by the trial court
 
 ," we directed the Court of Appeals to "consider whether the trial court abused its discretion in admitting the prior conviction ...."
 
 Id
 
 . (emphasis added).
 

 Even if we are to assume that the trial court
 
 implicitly
 
 held that the prior conviction here satisfied MRE 609, the court committed a second error: after noting the possibility of impeaching the new witness on the basis of a prior conviction, the court then said that "[t]he defendant's contention that this newly discovered evidence ... would make a different result probable is therefore ... untenable." In other words, it apparently concluded that the existence of the prior conviction would
 
 inevitably
 
 have made the new witness incredible in the eyes of a fact-finder. As the Court's order notes, the trial court failed to "otherwise evaluate the effect the witness's testimony would have had on the result." But the Court's order also notes that "[t]his is an unusual case because the trial court did not make findings of fact that are owed deference." I agree that this was an error on the part of the trial court, and that the lack of factual findings makes this an unusual case. However, I believe the proper response is a remand for these missing findings of fact. "[A] judge ... is obliged to articulate the reasons for his decision in findings of fact."
 
 People v. Robert Jackson
 
 ,
 
 390 Mich. 621
 
 , 627,
 
 212 N.W.2d 918
 
 (1973) (addressing bench trials). Where, as here, "[t]here is sufficient doubt whether the judge correctly applied the law to the facts of this case," the appropriate remedy is to "remand for additional fact finding ...."
 
 Id
 
 . at 628,
 
 212 N.W.2d 918
 
 .
 

 While I agree that defendant in this matter should receive relief, I disagree with the Court's decision to grant defendant a new trial outright, and would instead direct the sort of double remand we indicated in
 
 Watts
 
 was the proper remedy for this error.
 

 ZAHRA , J., joins the statement of CLEMENT , J.