PEOPLE v DENNIS JOHNSON

Docket No. 77-1532. Submitted June 20, 1978, at Detroit. Decided August 8, 1978. Leave to appeal applied for.

Dennis Johnson was convicted of first-degree murder, Recorder's Court of Detroit, Thomas L. Poindexter, J. Defendant appeals, alleging that the trial court committed reversible error by failing to exercise its discretion in response to defense counsel's motion to suppress evidence of defendant's prior convictions. *Held:*

The trial court recognized that it had discretion to permit or disallow impeachment of the defendant via his prior convictions, but failed to exercise this discretion and left the decision to the parties. This was reversible error.

Reversed and remanded.

1. CRIMINAL LAW—EVIDENCE—PRIOR CONVICTIONS—EXCLUSION OF EVIDENCE—DISCRETION—EXERCISE OF DISCRETION.

A trial judge may in the exercise of discretion exclude reference to a defendant's prior criminal record if the defendant takes the witness stand in his own behalf; upon proper motion, the trial judge must recognize that he has such discretion, and failure to do so constitutes reversible error; the trial judge must positively indicate and identify his exercise of discretion on the record.

2. CRIMINAL LAW—COURTS—DISCRETIONARY POWERS—PRIOR CRIMINAL RECORDS—WITNESSES—DEFENDANT AS WITNESS—DELEGATION OF DISCRETIONARY POWERS.

A trial court's delegation to the parties of its discretionary powers to exclude reference to a defendant's prior criminal

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 29 Am Jur 2d, Evidence §§ 320 *et seq.,* 339 *et seq.*

81 Am Jur 2d, Witnesses § 569 *et seq.*

Propriety, on impeaching credibility of witnesses in criminal case by showing former conviction, of questions relating to extent of punishment. 67 ALR3d 775.

Right to impeach credibility of accused by showing prior convictions as affected by remoteness in time of prior offense. 67 ALR3d 824.

record if the defendant takes the witness stand in his own behalf constitutes reversible error.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward R. Wilson,* Principal Attorney, Appeals, and *Robert M. Morgan,* Assistant Prosecuting Attorney, for the people.

*Carl Ziemba,* for defendant on appeal.

Before: R. M. MAHER, P. J., and J. H. GILLIS and MCGREGOR,* JJ.

PER CURIAM. Defendant was tried and convicted by a jury of first-degree murder, contrary to MCL 750.316; MSA 28.548. He was subsequently sentenced to life imprisonment and now appeals as of right.

Only one issue raised by defendant in his brief on appeal merits discussion by this Court.

Defendant contends that the trial court committed reversible error by failing to exercise its discretion in response to defense counsel's motion to suppress defendant's prior convictions. We agree.

Prior to the commencement of trial, defense counsel moved that the criminal record of defendant be suppressed in the event that defendant testified. Defense counsel advised the trial court that defendant had three previous felonies. The prosecutor argued that if the defendant's prior convictions were to be suppressed, the defense should not be permitted to cross-examine the prosecution's chief witness about her previous convictions. Defense counsel would not agree to refrain

---

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

from impeaching the witness. The trial court responded to the motion in the following manner:

> *The Court:* Well, I will rule that it will remain that way. Either they both come in or they both state *[sic]* out and you decide which way you want to do it.

MCL 600.2159; MSA 27A.2159 provides in part that:

> "No person shall be disqualified as a witness in any civil or criminal case or proceeding by reason of his interest in the event of the same as a party or otherwise or by reason of his having been convicted of any crime; but such interest or conviction may be shown for the purpose of affecting his credibility."

The foregoing provision has been interpreted to provide that the trial judge may, in the exercise of his discretion, exclude reference to defendant's prior convictions.[1] Upon proper motion, the trial judge must recognize that he/she has such discretion, and failure to do so constitutes reversible error. *People v Jackson,* 391 Mich 323, 336; 217 NW2d 22 (1974).

Also, in order to comply with *Jackson, supra,* the trial judge must positively indicate and identify his/her exercise of discretion on the record. *People v Cherry,* 393 Mich 261; 224 NW2d 286 (1974), *People v Strickland,* 78 Mich App 40, 53; 259 NW2d 232 (1977).

In the instant case, the trial court recognized that it had discretion to permit or disallow impeachment of defendant via his prior convictions, but failed to exercise this discretion. Instead, the trial court left the decision to the parties.

---

[1] *People v Jackson,* 391 Mich 323, 336; 217 NW2d 22 (1974), *People v Cherry,* 393 Mich 261; 224 NW2d 286 (1974).

The trial court's delegation of its discretionary powers to the parties constitutes reversible error.

Accordingly, the defendant's conviction is reversed and this case is remanded for a new trial. Upon remand the trial court should, upon request and due consideration of the factors cited in *Jackson, supra,* exercise its discretion to decide whether to exclude any reference to defendant's prior conviction record.

Reversed and remanded for new trial.