## PEOPLE v HAYES

Docket No. 63630. Decided February 23, 1981. On request by defendant for review of the record the Supreme Court, after ordering the prosecutor to show cause why the defendant should not be granted relief, reversed the defendant's conviction and remanded the case for a new trial.

Isaac Hayes was convicted by a jury in Recorder's Court of Detroit, Justin C. Ravitz, J., of preparation to burn an automobile. The defense made a pretrial motion to suppress evidence of the defendant's prior conviction of assault with intent to commit armed robbery, which was granted on the condition that the defense would not seek to impeach prosecution witnesses by any criminal record they had. The Court of Appeals, M. J. Kelly, P.J., and Bashara and R. B. Burns, JJ., affirmed the conviction, without prejudice to a motion by the defendant for resentencing, in an unpublished per curiam opinion (Docket No. 77-5056). Defendant requests review of the record. *Held:*

1. The exclusion of the evidence of the defendant's prior conviction was conditioned upon the defendant's willingness to forego impeachment of witnesses for the prosecution. Its effect was to place the issue of the admission of evidence of the prior conviction entirely within the control of defense counsel. The ruling is reversible error because the trial judge impermissibly failed to exercise his discretion and instead delegated it to counsel for the defense by ruling evidence of the prior conviction to be conditionally admissible.

2. Identical treatment of opposing parties in a criminal prosecution does not necessarily achieve a fair result. Symmetry is neither an object of criminal procedure nor a proper criterion of fairness. Considerations of the propriety of impeaching defendants and other witnesses by prior conviction are not identical. In all cases, judges are called upon to balance the probative value of a prior conviction for impeachment purposes against its prejudicial effect, but closer attention to the possible prejudicial effect is necessary when the witness sought to be impeached is the defendant.

3. A ruling such as the one made in the trial court in this

case constitutes an impermissible failure to exercise judicial discretion and denies a defendant the independent and individuated judgment to which he or she is entitled. In order to decide his trial strategy, including whether to testify in his own behalf, the defendant was absolutely entitled to a ruling whether his record of prior convictions would be admitted against him; a ruling unconditioned by any consideration of his intended cross-examination and impeachment of the people's witness. The merits of impeaching a particular witness should be considered separately, and if the facts so warrant, there is nothing inherently unfair about permitting impeachment by prior conviction of a prosecution witness while forbidding the same impeachment of the defendant.

Reversed and remanded for a new trial.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Principal Attorney, Appeals, and *Don W. Atkins,* Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *Lynn Chard* and *Herb Jordan)* for defendant.

PER CURIAM. Defendant Isaac Hayes was convicted by a jury of preparation to burn[1] and sentenced to 2 to 4 years imprisonment. We reverse the conviction and remand the case for a new trial of the single count on which defendant was convicted.

---

[1] MCL 750.77; MSA 28.272 provides:

"Any person who shall in any manner use, arrange, place, devise or distribute any inflammable, combustible or explosive material, liquid or substance, or any device in or about any building or property mentioned in the foregoing sections of this chapter, with intent to wilfully and maliciously set fire to or burn the same, or who aids, counsels, induces, persuades or procures another to do such act or acts, shall, if the property intended to be so burned be personal property of the value of $50.00 or less, be guilty of a misdemeanor. If such property be personal property of the value of more than $50.00, or real property of any value, he shall be guilty of a felony."

The property in question was an automobile.

## I

The defense made a pretrial motion for suppression of defendant's prior conviction of assault with intent to rob and steal being armed. The trial court granted the motion, stating:

"*The Court:* Okay. The motion is granted with the understanding, * * * that you're free to seek to impeach prosecution witnesses if you wish if they do have any criminal record, but that if any are so impeached you should understand that my ruling is conditional, and that if it's fair for you to bring out the record then I would regard it to be fair to the prosecution to do likewise. Otherwise the motion to suppress the criminal record is granted. It's granted for the reason that I believe that a cautionary instruction that it only goes to credibility is not as useful as it ought to be, and that a criminal record tends to be more prejudicial than probative under the circumstances.

"Is that understood?

"*[Defense Counsel]:* Yes, your Honor. Thank you very much."

Thus the ruling, excluding evidence of the defendant's prior conviction, was conditioned upon the defendant's willingness to forego impeachment of prosecution witnesses. The effect, of course, was to place admission or exclusion of defendant's prior conviction entirely within the control of defense counsel.

We hold this to be reversible error.

## II

In *People v Dennis Johnson,* 85 Mich App 181; 270 NW2d 734 (1978), the trial court resolved the question of admissibility of the defendant's prior convictions in much the same fashion as was done

in this case. There, the court ruled the defendant's prior convictions inadmissible upon the condition that the defense forego impeachment by prior conviction of the prosecution's chief witness. The judge declared:

"Well, I will rule that it will remain that way. Either they both come in or they both state *[sic]* out and you decide which way you want to do it."

The Court of Appeals held this ruling to be reversible error on the ground that the trial judge impermissibly delegated his discretionary power to the parties. *People v Dennis Johnson, supra,* pp 183-184. Such abdication, the Court of Appeals believed, was nothing less than a failure to exercise discretion, which this Court stated in *People v Jackson,* 391 Mich 323, 336; 217 NW2d 22 (1974), would constitute error. *People v Dennis Johnson, supra,* p 183.

The facts of this case fall squarely within the holding of *People v Dennis Johnson, supra.* In both cases the trial judge omitted to exercise his discretion and undertook instead to confer his discretion upon counsel for the defense by ruling evidence of the prior conviction to be conditionally admissible.

Although the prosecution apparently concedes the applicability of *People v Dennis Johnson, supra,* it maintains that the case was erroneously decided. To the contrary, we are persuaded that the rationale of that case was, and continues to be, sound. In addition, we disapprove the notion reflected in the ruling we now reverse that identical treatment of opposing parties in a criminal prosecution necessarily achieves a fair result. Symmetry is neither an object of criminal procedure nor a proper criterion of fairness.

In this regard, we note that considerations relating to the propriety of impeaching defendants and other witnesses by prior conviction are not identical. In all cases, of course, the relationship between a witness's prior conviction and his or her present credibility must be examined. See MRE 403, 609(a)(2). When the witness is the defendant in a criminal case, however, the scope of the judicial inquiry must be broader. As Chief Justice, then Judge Burger recognized:

"A special and even more difficult problem arises when the prior conviction is for the same or substantially the same conduct for which the accused is on trial. Where multiple convictions of various kinds can be shown, strong reasons arise for excluding those which are for the same crime because of the inevitable pressure on lay jurors to believe that 'if he did it before he probably did so this time'. As a general guide, those convictions which are for the same crime should be admitted sparingly; one solution might well be that discretion be exercised to limit the impeachment by way of a similar crime to a single conviction and then only when the circumstances indicate strong reasons for disclosure, and where the conviction directly relates to veracity." (Footnote omitted.) *Gordon v United States,* 127 US App DC 343, 347; 383 F2d 936, 940 (1967).

When judges are called upon to balance the "probative value" of a prior conviction for impeachment purposes against its "prejudicial effect", it is manifest that closer attention to possible prejudicial effect is necessary when the witness sought to be impeached is the defendant.

In light of the foregoing, it follows that a ruling such as the one made in the trial court in this case constitutes an impermissible failure to exercise judicial discretion and denies a defendant the

independent and individuated judgment to which he or she is entitled.

In order to decide his trial strategy, including whether to testify in his own behalf, the defendant was absolutely entitled to a ruling whether his record of prior convictions would be admitted against him; a ruling unconditioned by any consideration of his intended cross-examination and impeachment of the people's witness. When the merits of impeaching a particular witness are considered separately, as they should be, it is plain that, if the facts so warrant, there is nothing inherently unfair about permitting prior conviction impeachment of a prosecution witness or witnesses while forbidding the same impeachment of the defendant.[2]

Reversed and remanded for a new trial consistent with this opinion.

COLEMAN, C.J., and KAVANAGH, WILLIAMS, LEVIN, FITZGERALD, RYAN, and BLAIR MOODY, JR., JJ., concurred.

[2] When a trial judge rules on the admissibility of prior convictions of witnesses, he or she is now obliged to articulate on the record the factors considered in reaching that decision. MRE 609(a)(2), as amended May 14, 1980. See 408 Mich lxiii (1980).