PEOPLE v BUSCHARD (ON REMAND)

Docket No. 71551. Submitted May 26, 1983, at Lansing.—Decided
September 27, 1983. Leave to appeal applied for.

Glananard Buschard was convicted of carrying a weapon in a
motor vehicle following a jury trial in Berrien Circuit Court,
Zoe S. Burkholz, J. Two indorsed accomplices testified as to
Buschard's possession of the gun. They further testified regard-
ing plea agreements they had reached with the prosecuting
attorney and that they agreed to testify truthfully. The prose-
cuting attorney argued to the jury that the witnesses had been
very candid. The defendant thereafter also pled guilty to being
a second offender. The defendant appealed. The Court of Ap-
peals affirmed the defendant's convictions. *People v Buschard,*
109 Mich App 306; 311 NW2d 759 (1981). The defendant sought
leave to appeal and the Supreme Court, in lieu of granting
leave to appeal, vacated the judgment of the Court of Appeals
and remanded the case to the Court of Appeals for reconsidera-
tion in light of its opinion in *People v Lytal,* 415 Mich 603
(1982). 417 Mich 996 (1983). Now *held:*

The Supreme Court's opinion in the *Lytal* case does not
compel reversal of the defendant's convictions in this case.
Here, there was a plea agreement with the accomplices who
testified, and, because the prosecutor was obliged to recite the
nature of that agreement, the accomplices' pleas to reduced
charges were revealed. Here, the witnesses were asked if they
had agreed to testify truthfully. The opinion in the *Lytal* case
does not address that issue. Under the limited circumstances in
which the questions were asked and the argument made to the
jury, reversal of the defendant's convictions is not required.

Affirmed.

1. CRIMINAL LAW — WITNESSES — ACCOMPLICES — PLEA BARGAINS —
CONVICTIONS OF WITNESSES.

A prosecutor may not introduce the conviction of a witness
involved in the criminal enterprise with which a defendant is

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 81 Am Jur 2d, Witnesses § 103.

[2] 21 Am Jur 2d, Criminal Law § 481.

charged to show that no consideration was offered for the witness's testimony; a prosecutor is not obliged to show that no consideration was offered to the witness, but only to disclose any consideration offered or received.

2. CRIMINAL LAW — WITNESSES — PLEA BARGAINS — PROSECUTORIAL VOUCHING.

The admission into evidence of a plea-bargain agreement of a testifying accomplice which contains a promise by the accomplice to testify truthfully is not in itself erroneous and reference to it by the prosecution in its final argument does not necessarily constitute prosecutorial vouching mandating reversal.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *John A. Smietanka,* Prosecuting Attorney, and *Angela Baryames,* Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *Susan J. Smith),* for defendant on appeal.

ON REMAND

Before: R. B. BURNS, P.J., and ALLEN and D. E. HOLBROOK, JR., JJ.

ALLEN, J. We revisit this cause by virtue of an order of the Supreme Court dated May 19, 1983, remanding to this Court for "reconsideration in light of *People v Lytal,* 415 Mich 603; 329 NW2d 738 (1982)". This matter was first heard by this panel at the June, 1981, call. On September 9, 1981, an authored opinion was filed affirming defendant's convictions. *People v Buschard,* 109 Mich App 306; 311 NW2d 759 (1981). Leave to appeal was timely taken to the Michigan Supreme Court which, after first ordering the matter held in abeyance, on May 19, 1983, vacated the judgment of the Court of Appeals and remanded the case for reconsideration in light of *Lytal, supra.*

On May 30, 1979, police officers stopped a car in which defendant was a back-seat passenger. Defendant was found sitting on a .357-caliber revolver. Also in the car were Sam Stueland, a front-seat passenger, and Greg Shafer, the driver. Shafer and Stueland were allowed to leave and defendant was charged with carrying a concealed weapon in a motor vehicle, MCL 750.227; MSA 28.424. Both accomplices testified at trial pursuant to a plea agreement under which each pled guilty to a misdemeanor charge rather than the felony with which defendant was charged. Defendant was found guilty by the jury and was sentenced to three to seven and one-half years in prison. The defendant also pled guilty to being a second offender.

Defendant appealed as of right raising five issues, of which one (issue three) was *Lytal* related.[1] It is the propriety of this Court's ruling on issue three which the Supreme Court has directed us to reconsider in view of *Lytal.* Necessarily, the first step in reconsideration is a clear and concise statement of the factual differences between *Lytal* and this case.

In *Lytal,* the prosecutor called as prosecution witnesses two *unindorsed* accomplices who testified regarding Lytal's participation in the sale of drugs. Evidence that the accomplices had been convicted for their roles in the offense for which Lytal was charged was introduced. Additionally, evidence of a prior conviction for a similar offense was allowed. In this case two *indorsed* accomplices were called as prosecution witnesses and testified as to Buschard's possession of the gun. Upon questioning by the prosecution, each stated that a plea agreement had been reached and described the

---

[1] Issue three is discussed in *People v Buschard, supra,* pp 313-317.

nature of the agreement. Additionally, the prosecution inquired of each accomplice whether he had agreed to testify truthfully. Each responded in the affirmative and in final argument the prosecution referred to the fact that the witnesses had been "very candid". No evidence of a prior conviction was involved.

In *Lytal,* the Supreme Court found three errors: (1) calling unindorsed accomplices, (2) allowing testimony regarding Lytal's prior conviction for a similar offense, and (3) introducing evidence of the accomplices' convictions for the same offense with which Lytal was charged. In this case (1) the issue of unindorsed accomplices was not raised,[2] (2) no attempt was made to introduce evidence of a prior conviction, and (3) unlike the situation in *Lytal,* a plea agreement had been reached in exchange for the accomplices' testimony. In summary, reversal in *Lytal* was posited on three grounds, only one of which (the third) is involved here. Thus, the relevant inquiry is whether the reasons given by the Supreme Court for reversal on the third-described issue in *Lytal* pertain to the factual situation in this case.

The Supreme Court explained its rationale for reversal on the question of the admissibility of evidence of the accomplices' prior convictions in *Lytal* as follows:

"It is an established rule of law that the conviction of another person involved in the criminal enterprise is not admissible at defendant's separate trial. The prosecutor defends the admission of this evidence on the ground that under the rule of *People v Atkins,* 397 Mich 163; 243 NW2d 292 (1976), he was obliged to show

---

[2] However, one of the issues raised in this case was the prosecution's failure to indorse the informant and certain alleged res gestae witnesses. *Buschard, supra,* pp 312-313.

the nature of any consideration offered for the testimony of Diaz and Tackleberry.

"Diaz and Tackleberry testified, however, that no promises were made to them—there was no consideration.

"The prosecutor is not obliged to show that no consideration was offered for a witness's testimony or, indeed, whether the witness, if charged and if an accomplice, was convicted or acquitted. The prosecutor *is only obliged to disclose any consideration offered to or received by the witness.* That can be done without adverting to whether the witness was, if charged, convicted." *Lytal, supra,* p 612. (Footnotes omitted; emphasis supplied.)

Based upon the above reasoning, we are not persuaded that *Lytal* compels reversal in the instant case. In *Lytal,* there was no consideration for the witness's testimony. No plea agreement was involved. *Lytal, supra,* p 608, fn 4. In the instant case, a plea agreement was involved. This being so, the prosecution was obliged to recite the nature of the agreement. Recitation of the agreement necessarily included a reference to the accomplices' pleas to a reduced charge.

This then leaves as the only possibility upon which reversal could be based the fact that in this case the witnesses were asked if they had agreed to testify truthfully and the prosecutor made some references to such effect in closing argument. As stated by this Court:

"In the case at bar, the prosecution's questions went beyond mere disclosure of the fact that a plea agreement had been reached. Here the prosecutor asked each accomplice if he had agreed to testify *truthfully.* No Michigan case has considered whether the disclosure of an agreement to testify truthfully is permissible." *Buschard, supra,* pp 313-314.

*Lytal* does not address that issue. Further, we find nothing in *Lytal* which by implication suggests that, under the limited circumstances in which the questions were asked and the argument made to the jury, reversal is required. Our reasons for finding no error were detailed at length in our first opinion. In the absence of anything in *Lytal* even remotely referring to the question, we decline to change our initial opinion.

Defendant's convictions are reaffirmed.