## PEOPLE v DOUGLAS TAYLOR

Docket No. 65622. Argued March 5, 1985 (Calendar No. 1).—Decided
    September 4, 1985. Rehearing denied *post*, 1264.

Douglas Taylor was convicted by a jury in the Detroit Recorder's
    Court, Roy J. Daniel, J., of first-degree felony murder. The
    Court of Appeals, D. E. HOLBROOK, JR., P.J., and V. J. BRENNAN
    and EVERETT, JJ., affirmed the defendant's conviction on the
    ground that the defendant was not adversely affected by the
    trial court's decision to admit, after the defendant had testified,
    evidence of his prior conviction for assault with intent to rob
    while armed to rebut a specific statement by the defendant
    because the defendant would have testified regardless of the
    court's decision and made no demand for an immediate ruling
    (Docket No. 78-2018). The defendant appeals.

In an opinion by Chief Justice WILLIAMS, joined by Justices
    RYAN, BRICKLEY, CAVANAGH, BOYLE, and RILEY, the Supreme
    Court *held:*

The rule prohibiting a trial court from reserving its ruling on
    the admission of evidence of prior convictions applies only
    where the court reserves its discretion to admit such evidence
    for the purpose of impeaching a defendant's general credibility
    and not where it reserves its right to allow such evidence to be
    introduced for the purpose of rebutting specific statements
    made by the defendant at trial. In this case, the trial court
    ruled before presentation of the defendant's case that evidence
    of his prior conviction would not be admissible to impeach
    credibility generally and stated that it was reserving the issue
    of admissibility for other purposes. Therefore, the court had the
    discretion to admit evidence of the prior conviction after the
    defendant had testified for the purpose of rebutting his state-
    ments.

1. The rule prohibiting a trial court from reserving its ruling
    on the admission of evidence of prior convictions until after a

REFERENCES FOR POINTS IN HEADNOTES

[1-5] Am Jur 2d, Witnesses § 569 *et seq.*

Permissibility of impeaching credibility of witness by showing ver-
    dict of guilty without judgment of sentence thereon. 28 ALR4th
    647.

defendant has testified applies only where such evidence is offered to impeach a defendant's general credibility. It remains within the trial court's discretion to admit at any time during the course of a trial evidence of prior convictions, notwithstanding a ruling to exclude such evidence, if it is being offered for some proper purpose other than to impeach a defendant's credibility in general. Evidence of prior convictions offered to rebut specific testimony does not amount to impeachment of a defendant's credibility for truthfulness or veracity in general, but rather for the narrow purpose to rebut specific testimony. Because this distinction may not be self-evident, it is advisable that a cautionary instruction be given at the time the evidence is offered or before the jury retires to deliberate regarding the limited use the jury may make of the evidence. As with any type of rebuttal evidence, it is limited to only relevant evidence where, as determined by the court, the probative value of the evidence is not substantially outweighed by its prejudicial effect.

2. In this case, the trial court correctly recognized its discretion to admit evidence of the defendant's prior conviction of armed robbery to rebut specific testimony by the defendant, in direct testimony and on cross-examination, that he did not try to escape when his codefendant used a gun and forced the victim into a car because he was hysterical. The court did not abuse its discretion in determining that the evidence was relevant. The fact that the defendant had participated in a previous armed robbery in which he had used a gun was relevant and seriously undermined his testimony. It tended to disprove his assertion that he did not understand what was happening or what his codefendant intended to do with the gun. Although the trial court applied the wrong standard in assessing the probative value of the evidence against its prejudicial effect, the standard it applied was more favorable to the defendant. Under the proper standard, the inherent prejudicial effect did not substantially outweigh its probative value in discrediting the defendant's claim of forced participation.

Affirmed.

Justice LEVIN, dissenting, stated that evidence tending to show that the defendant had previously pointed a gun at another person does not tend to rebut his testimony that he became hysterical at the sight of a gun being pointed at him. Thus, rebuttal testimony that the defendant previously had committed an assault with a gun was without probative value or any minimal probative value was substantially outweighed

by the danger of unfair prejudice, confusion of the issues, or misleading the jury.

98 Mich App 685; 296 NW2d 631 (1980) affirmed.

### OPINION OF THE COURT

1. CRIMINAL LAW — EVIDENCE — PRIOR CONVICTIONS — REBUTTAL OF TESTIMONY.

   The rule prohibiting a trial court from reserving its ruling on the admission of evidence of prior convictions applies only where the court reserves its discretion to admit such evidence for the purpose of impeaching a defendant's general credibility and not where it reserves its right to allow such evidence to be introduced for the purpose of rebutting specific statements made by the defendant at trial (MRE 609).

2. CRIMINAL LAW — EVIDENCE — PRIOR CONVICTIONS.

   A trial court may admit at any time during the course of a trial evidence of a defendant's prior convictions where offered for some proper purpose other than for impeaching a defendant's credibility in general (MRE 609).

3. CRIMINAL LAW — EVIDENCE — PRIOR CONVICTIONS — REBUTTAL OF TESTIMONY.

   Evidence of prior convictions offered to rebut specific testimony does not amount to impeachment of a defendant's credibility for truthfulness or veracity in general, but rather for the narrow purpose to rebut specific testimony (MRE 609).

4. CRIMINAL LAW — EVIDENCE — PRIOR CONVICTIONS — REBUTTAL OF TESTIMONY.

   A trial court should caution a jury either at the time of admission of evidence of a defendant's prior convictions which is offered to rebut specific testimony or before the jury retires to deliberate that the evidence may be considered only for the limited purpose of rebutting the specific testimony and not to impeach the defendant's credibility in general (MRE 609).

### DISSENTING OPINION BY LEVIN, J.

5. CRIMINAL LAW — EVIDENCE — PRIOR CONVICTIONS — REBUTTAL OF TESTIMONY.

   *Evidence that a defendant had previously committed an assault with a gun should not have been admitted to rebut his testimony that he became hysterical at the sight of a gun being pointed at him because it was without probative value or any minimal probative value was outweighed by the danger of*

*unfair prejudice, confusion of the issues, or misleading the jury (MRE 403).*

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Edward Reilly Wilson,* Deputy Chief, Civil and Appeals, and *Timothy A. Baughman,* Principal Attorney, Research, Training and Appeals, for the people.

State Appellate Defender (by *Gail Rodwan*) for the defendant.

WILLIAMS, C.J. The issue in this case is whether the holding of *People v Lytal,* 415 Mich 603; 329 NW2d 738 (1982), entitling a defendant to a determination *in limine* of the admissibility on cross-examination of evidence of prior convictions for the purpose of impeaching credibility, precludes the trial court from reserving the right to admit such evidence in the event it becomes relevant to rebut or contradict specific testimony given by the defendant on direct examination.

We hold that the rule in *Lytal* prohibiting the trial court from reserving its ruling on the admission of prior convictions applies only when the court reserves the discretion to admit such evidence for the purpose of impeaching a defendant's general credibility and not when it reserves the right to allow such evidence to be introduced for the purpose of rebutting specific statements made by the defendant at trial. In this case, the trial court ruled before presentation of the defendant's case that evidence of his prior conviction would not be admissible to impeach credibility generally and stated that it was reserving the issue of admissibility for other purposes. Therefore, the court had the discretion to admit evidence of the prior conviction after Taylor had testified to rebut his

statements on the stand. We find no abuse of discretion by the trial court in its ruling, and therefore we affirm the defendant's conviction.

## I. FACTS

Defendant and his codefendant were charged and jointly tried before separate juries of first-degree felony murder, MCL 750.316; MSA 28.548, armed robbery, MCL 750.529; MSA 28.797, and possession of a firearm during the commission of a felony, MCL 750.227b; MSA 28.424(2). Defendant was convicted of the three charged offenses, but his codefendant was convicted of only felony murder and unarmed robbery. Thereafter, except for felony murder, their convictions were dismissed on double jeopardy grounds. Both were sentenced to life imprisonment.

The trial testimony revealed that on the evening of May 30, 1977, two men, one armed with a handgun, confronted the victim, Earl Benton, as he left a drugstore and forced him into the back seat of his car. One of the assailants sat with the victim in the back seat and the other drove. They circled the neighborhood, and the assailant in the back seat was seen choking and beating the victim. Eventually the car stopped in an alley, a shot was heard, and the assailants were seen fleeing on foot. The victim was found fatally wounded in the back seat of his car with his jewelry and money missing.

The defendant and codefendant were identified by witnesses as the two men who forced the victim into his car, who drove the victim around, and who fled from the scene of the crime on foot. When arrested, Taylor had in his possession some of the victim's money and jewelry.

Defendant's defense was that he had no advance

knowledge of the robbery, that he was forced at gunpoint to drive the car by his codefendant, that he was so intoxicated that he did not know what was going on, and that he did not run away earlier because he was hysterical.

On the first day of trial, the trial court reserved its ruling on defendant's motion to suppress evidence of his prior conviction of assault with intent to commit armed robbery. During the trial and prior to the presentation of defendant's case, the trial court granted defendant's motion to exclude his prior conviction, but stated that

> if the testimony elicited from any witness on behalf of the defense or from any of the defendants themselves or the circumstances of any evidence in this case cause the evidence of prior convictions to become substantially probative, then this Court reserves the right to change its opinion and to permit cross examination on the basis of prior convictions.

Defendant did not object to this ruling. The trial court later allowed evidence of the prior conviction to be used by the prosecution to contradict defendant's testimony on cross-examination that he was "hysterical" and that that was why he did not flee when codefendant was putting the victim in the back seat of the car even though the car door was between defendant and codefendant and the gun was not pointed at him during this time.

The Court of Appeals, relying on its earlier decision in *People v Lytal,* 96 Mich App 140; 292 NW2d 498 (1980), which was subsequently reversed by this Court, 415 Mich 603; 329 NW2d 738 (1982), affirmed defendant's conviction on the ground that defendant was not adversely affected by the trial judge's reserved ruling since the record indicated that defendant would have testified

regardless of the trial court's decision and the defendant made no demand for an immediate ruling.

We initially ordered defendant's application for leave to appeal to be held in abeyance pending our decision in *People v Lytal, supra.* After *Lytal* was decided, we granted leave to appeal. 418 Mich 893 (1983).

## II. THE *LYTAL* DECISION

In *People v Lytal,* 415 Mich 603, 607; 329 NW2d 738 (1982), where defendant was on trial for the same kind of drug offense, the prosecutor moved to admit evidence of defendant's prior conviction of possession with intent to deliver a controlled substance for the purpose of impeaching defendant's credibility should he take the stand. The trial court, however, reserved ruling on this motion until after defendant testified. The defendant did testify, and, pursuant to the prosecutor's renewed motion, the trial court ruled that evidence of the prior conviction was admissible to refute Lytal's testimony that he did not know or understand what was in pharmaceutical bottles in his codefendant's possession.

We held that a trial judge may not reserve a ruling until after a defendant has testified on a motion to suppress evidence of the defendant's prior conviction when offered to impeach credibility under MRE 609. Citing *People v Hayes,* 410 Mich 422; 301 NW2d 828 (1981), we stated that "[t]he defendant is entitled to know before he takes the stand whether, if he does so, the prior record can be used for impeachment." 415 Mich 609.

This Court further noted that while the trial judge ruled that the evidence was admissible to

impeach Lytal's testimony, the evidence had been offered by the prosecutor to impeach credibility and not testimony and therefore defense counsel did not have the opportunity to argue that point before the judge ruled. 415 Mich 610. Moreover, there was no cautionary instruction to the jury as to the limited use of a prior conviction offered to impeach testimony since the evidence was offered to impeach the defendant's credibility. *Id.*

## III. CLARIFICATION OF *LYTAL*

This Court's holding in *Lytal* prohibiting a trial court from reserving its ruling on the admission of evidence of prior convictions until after a defendant has testified applies only where such evidence is offered to impeach a defendant's general credibility under MRE 609. It remains within the trial court's discretion to admit at any time during the course of a trial evidence of prior convictions, notwithstanding a ruling to exclude such evidence under MRE 609, if it is being offered for some proper purpose other than to impeach a defendant's credibility in general. For instance, evidence of prior convictions is always admissible to show perjured testimony of the defendant regarding the existence or nature of prior convictions. See *People v Burse,* 62 Mich App 204, 212; 233 NW2d 232 (1975); see also *United States v Babbitt,* 683 F2d 21, 25 (CA 1, 1982). In addition, evidence of prior criminal offenses which qualify as similar-acts evidence under MRE 404(b) may be admissible if offered for the purposes permitted by that rule. See *People v Golochowicz,* 413 Mich 298; 319 NW2d 518 (1982). Furthermore, MRE 609 was not intended to apply where evidence of prior convictions is offered to rebut specific statements of the defendant who testifies at trial. See *United States v Johnson,* 542 F2d 230, 234-235 (CA 5, 1976).

In regard to evidence of prior convictions offered to rebut specific testimony, we find that that particular use of such evidence is not within the contemplation of MRE 609 because it is not impeachment of a defendant's credibility for truthfulness or veracity in general, but rather for the narrow purpose to rebut specific testimony given by a defendant. Because this distinction may not be self-evident, it is advisable that a cautionary instruction be given at the time the evidence is offered or before the jury retires to deliberate regarding the limited use the jury may make of evidence of a prior conviction offered to rebut testimony. Moreover, as with any type of rebuttal evidence it is limited to only relevant evidence, MRE 401, and to that which the trial court determines that the probative value of the evidence is not substantially outweighed by its prejudicial effect, MRE 403. See *People v McGillen #1,* 392 Mich 251, 266-268; 220 NW2d 677 (1974).

## IV. APPLICATION TO INSTANT CASE

Prior to the start of trial in the instant case, the trial court reserved its ruling on defendant's MRE 609 motion to suppress evidence of the defendant's prior conviction of assault with intent to commit armed robbery. During the trial and before the presentation of defendant's case, the trial court ruled in defendant's favor to suppress the prior conviction but conditioned its ruling as follows:

> *However, if the testimony elicited from any witness on behalf of the defense or from any of the defendants themselves or the circumstances of any evidence in this case cause the evidence of prior convictions to become substantially probative, then this Court reserves the right to change its opinion*

*and to permit cross examination on the basis of
prior convictions.* [Emphasis added.]

The defendant did testify. He stated on direct
examination that he did not try to escape when
his codefendant unexpectedly pulled out a gun and
forced the victim into the car because he was
hysterical. On cross-examination, defendant re-
peated his testimony that he was hysterical when
asked why he did not flee when his codefendant
was putting the victim in the back seat of the car.
At that point, the prosecutor moved to introduce
defendant's prior conviction for the purpose of
rebutting defendant's specific testimony.[1] After de-
fense counsel was given an opportunity to argue
that evidence of the prior conviction was not rele-
vant to rebut the defendant's statements, the trial
court ruled that it would be admitted for the
limited purpose of rebuttal.[2]

[1] The trial court summarized the prosecutor's arguments accord-
ingly:

"Now, as I understand Mr. Mackenzie's point, it is that the testi-
mony at this point and time is to the effect that Mr. Taylor did not
understand what was occurring at the time, was afraid of the gun,
was placed in fear by the gun being used by Mr. Silver, had no idea
what Mr. Silver intended to do with the gun and was hysterical to use
Mr. Taylor's words.

"Now, the prosecutor is suggesting to the Court that under those
circumstances and under that testimony, the defendant has placed in
question as a matter of credibility his ability to understand and
comprehend a situation and be aware of the circumstances.

"The prosecutor has also stated that in testing the credibility of the
witness to understand the circumstances, the prior conviction is
important because it relates to similar action that resulted in a
conviction and that, therefore, I assume the point being the defendant
would understand what was happening and that is a matter of
credibility and I agree that's a matter of credibility."

[2] "Under court rule 609, the court finds the probative weight at this
point in the trial outweighs the prejudicial effect and will permit the
prosecution to ask what limited questions to prior convictions for the
reason that the prosecutor has indicated.

"The prosecutor, however, according to the Court's ruling, will not
be permitted to dwell, but for the purpose of testing the credibility of
the witness."

It is conceded by defense counsel that defendant's prior conviction was not introduced for the purpose of impeaching his general credibility, but for the purpose of rebutting defendant's specific testimony. It is also undisputed that this testimony was first brought out on direct examination of the defendant and repeated on cross-examination.

We note that the trial court mistakenly referred to MRE 609 in its ruling, and the prosecution so agreed in oral argument. MRE 609 is not applicable where evidence of prior convictions is offered to rebut specific testimony rather than to attack credibility in general.[3] Although it is clear that reference to MRE 609 was erroneous, the trial court was nonetheless correct in recognizing that it had the discretion to admit evidence of the defendant's prior conviction even after defendant had testified where it was being introduced for a purpose other than to impeach the defendant's credibility in general, namely to rebut specific testimony of the defendant.

The question then is whether the trial court

As part of its instructions to the jury, the trial court cautioned them as follows:

"There is evidence that the defendant, Mr. Taylor, has a prior criminal conviction. This evidence is to be considered by you only insofar as it may affect the defendant's credibility, that is, his believeability [sic] as a witness. It must not be considered by you as any evidence of guilt as to the charges in this case."

[3] We further note that the prosecutor's arguments urging this Court to adopt the procedure established in *United States v Cook,* 608 F2d 1175, 1186 (CA 9, 1979) (*en banc*), *cert den* 444 US 1034 (1980), mandating there be an offer of proof as to defendant's intention to testify and the nature of his contemplated testimony to preserve for review a trial court's ruling *in limine* on impeachment by prior convictions and urging this Court to follow the rule recently announced in *Luce v United States,* 469 US 38; 105 S Ct 460; 83 L Ed 2d 443 (1984), requiring a defendant to testify to preserve for appeal FRE 609(a) claims, are wholly inappropriate to our situation where the defendant did testify at trial and where the evidence of prior conviction was offered for a purpose outside the scope of MRE 609. We therefore intimate no opinion as to whether the rules set forth in those cases should be adhered to by our courts.

properly exercised its discretion in determining that the evidence of defendant's prior conviction was relevant to rebut his trial testimony and that its probative value was not substantially outweighed by any prejudicial effect to the defendant in admitting this evidence. Relevant evidence has been defined as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." MRE 401.

Defendant argues that the fact that his prior conviction involved a situation in which he was the one who pointed a gun at another person in the course of an assault with intent to rob while armed[4] does not rebut his testimony that he reacted the way he did in the instant situation due to hysteria at the sight of a gun being pointed at him. The prosecution, on the other hand, argues that the fact that defendant had engaged in a prior assault with intent to rob while armed undermines his assertion that he was an unwilling accomplice to the crime here, participating only because he was hysterical and surprised by the actions of his codefendant.

We recognize that this is a close question. However, we believe that the trial court did not abuse its discretion in determining that the evidence was relevant. The court could reasonably have found that evidence of defendant's prior conviction of assault with intent to rob while armed was relevant to contradict the defendant's testimony that

---

[4] On cross-examination, defendant misstated that his prior conviction was for armed robbery when, in fact, it was for assault with intent to commit armed robbery. We agree with the Court of Appeals that the trial court's failure to correct this misstatement *sua sponte* did not result in manifest injustice given the limited purpose for which the evidence was admitted and considering the other evidence against defendant.

he responded to the situation in the way he did because he was hysterical. Such evidence might also tend to disprove the defendant's testimony that he did not understand what was happening and what his codefendant intended to do with the gun, insofar as it shows the defendant's awareness of an armed robbery attempt in the past in which he was one of two perpetrators and was the one who had a gun.

Finally, in assessing the probative value of the rebuttal evidence against its prejudicial effect, we observe that the trial court applied the wrong standard, but one more favorable to defendant, in concluding that its "probative value . . . outweigh[ed] the prejudicial effect" to the defendant. Presumably the trial court applied the language of MRE 609 when it should have looked to MRE 403 which provides:

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.[5]

However, under the proper standard, we find that the inherent prejudicial effect of the evidence given its similar nature to one of the charged offenses did not substantially outweigh the probative value in discrediting defendant's claim of forced participation in the instant case. Certainly

---

[5] The standard under MRE 609 provides for the admission of evidence of prior convictions for the purpose of attacking the credibility of a witness only if "the court determines that the probative value of admitting this evidence on the issue of credibility outweighs its prejudicial effect . . . ." A different and less stringent standard exists under MRE 403, which provides for exclusion of relevant evidence only where the danger of unfair prejudice resulting from the evidence substantially outweighs its probative value.

the fact that defendant previously was convicted of an assault with intent to commit armed robbery seriously undermines defendant's testimony that in the present case he was hysterical because allegedly his codefendant produced a gun and then assaulted the victim. Consequently, we do not find that the trial court abused its discretion in admitting for rebuttal purposes evidence of defendant's prior conviction.

Accordingly, we affirm the defendant's conviction.

RYAN, BRICKLEY, CAVANAGH, BOYLE, and RILEY, JJ., concurred with WILLIAMS, C.J.

LEVIN, J. (*dissenting*). Evidence that Taylor had, on a prior occasion, when confronted by an armed man, responded much like the fictional characters portrayed by Clint Eastwood and Harrison Ford would respond, might tend to rebut Taylor's trial testimony. But evidence tending to show that Taylor had pointed a gun at another person does not tend to rebut his testimony that he became hysterical at the sight of a gun being pointed at him.

Neither the trial judge nor the members of this Court have an experiential basis that would provide support for the view that a person who would so assault another would likely not become hysterical when he is so assaulted.

I am, therefore, inclined to the view that the rebuttal testimony that Taylor had, on a prior occasion,[1] committed an assault with a gun, was

---

[1] A different question might be presented if Taylor had claimed that he became hysterical, not because a gun was pointed at him, but because of the situation—his presence during the course of an attempted armed robbery. While his testimony during direct examination was unclear whether he asserted he became hysterical because of the situation or because a gun was pointed at him, it is apparent from the cross-examination that the prosecutor viewed Taylor's testimony

without probative value. In all events, any minimal probative value was "substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury . . . ." MRE 403.

I would hold that the admission of the rebuttal testimony was error[2] and would remand for a new trial.

I agree with the majority that *People v Lytal,* 415 Mich 603; 329 NW2d 738 (1982), does not preclude the admission of a prior conviction—for a purpose other than to attack a defendant's general credibility—to rebut a specific statement made by the defendant at trial.

---

as a statement that he became hysterical because a gun had been pointed at him, and that was the view of both counsel and of the judge during the colloquy preceding the judge's ruling that the rebuttal evidence would be admitted.

[2] The objection interposed by Taylor's counsel was specific, and made the point set forth in the second sentence of this opinion.